ORIGINAL & 2 COPY



FILED

SEP - 3 2015

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

**2:1 5 - CV - 1 8 6 6   DAD PC**

ALEJANDRO PRADO , P58009
_____
        (Name of Plaintiff)
California Medical Facility, M- 31.3
        (Address of Plaintiff)
P.O. Box 2500, Vacaville, CA 95696

        vs.

Warden, GARY SWARTHOUT, California
_____
State Prison-Solano; Deputy Warden,
E.ARNOLD; Associate Warden, G.MATTESON;
Lieutenant(s) D.BLACKWELL & J.JIMENEZ;
Counselor II, N.CLARK, et al.,
        (Names of Defendants)

        (Case Number)
**(Civil Rights) 1983 DISABILITY**

COMPLAINT

**FOR DECLARATORY AND PROSPECTIVE
RELIEF AND DAMAGES**

Demand For Jury Trial

I. Previous Lawsuits:

    A. Have you brought any other lawsuits while a prisoner:   ☐ Yes   ☒ No

    B. If your answer to A is yes, how many?: _____ Describe the lawsuit in the space
below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper
using the same outline.)

        1. Parties to this previous lawsuit:

            Plaintiff _ALEJANDRO PRADO_____

            Defendants _GARY SWARTHOUT_ ; E.ARNOLD; G.MATTESON; D.BLACKWELL;_____
J.JIMENEZ; N.CLARK; FLETES; C.HAMMOND; K.ALLEN; J.ZAMORA._____

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983        Rev'd 5/99

3

2.  Court (if Federal Court, give name of District; if State Court, give name of County)

_____

3.  Docket Number _____

4.  Name of judge to whom case was assigned _____

5.  Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)

_____

6.  Approximate date of filing lawsuit _____

7.  Approximate date of disposition _____

II. Exhaustion of Administrative Remedies

A.  Is there a grievance procedure available at your institution?    ☒ Yes        ☐ No

B.  Have you filed a grievance concerning the facts relating to this complaint?
                                                                    ☒ Yes        ☐ No

    If your answer is no, explain why not _____

_____

C.  Is the grievance process completed?                             ☒ Yes        ☐ No

III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official
position in the second blank, and his/her place of employment in the third blank. Use item B
for the names, positions and places of employment of any additional defendants.)

A.  Defendant ___SWARTHOUT___ is employed as _Warden_
    _____ at California State Prison-Solano

B.  Additional defendants ARNOLD is Chief Deputy Warden, CSP-SOL; Matteson is
Associate Warden, CSP-SOL; MATTESON is Associate Warden CSP-SOL; BLACKWELL &
JIMENEZ are Litutenant(s) at CSP-SOL; CLARK is Counselor II CSP-SOL; FLETES
Correctional Officer CSP-SOL; HAMMOND and ALLEAN are Appeals Examiners in
Sacramento; ZAMORA is Chief(A) of Appeals in Sacramento.

_____
_____

4

IV.    Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

Plaintiff in Segregation with physical disability fell stepping over cement impediment 2-3 ft. high & fell again causing worst & permanent disability & filed 602 appeals to Modify as Armstrong & ADA requirement 9/3/2013 interviewed & denied by Lt. Blackwell & A.W., Matteson 1st Level & False doc's, & fell again 10/10/2013 & denied 2nd Level by Deputy Warden, Arnold for Warden, Swarthout 10/18/2013 to allow on-going ADA injuries & 12/10/2013, 3rd Level denied Examiner, Hammond for Chief Appeals, Zamora allowing danger to continue. 11/10/2013, filed Complaint on Appeals Specialist, Clark denying Notices & denying/barring process & Clark makes own Memo to further barr & 2/11/2014 Deputy Warden, Arnold signs 4 Warden Swarthout Partially Granted as processed 2nd Level & denied 3rd Level 5/29/2014 by Examiner Allen for Chief Appeal Zamora. 12/15/2013 filed Modification 602 & P.Granted by Lt. Jiminez 12/24/2013 & issue same. 2/10/2014, Officer, Fletes was Staff Assistant subverting relief & losing 602's refiled.

V. Relief.

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. CSP-SOLANO remove cement impediment from showers for disabled; 2. Award compensatory damages $2,000,000; 3. Award Punitive damages $2,000,000; 4. Award Prospective damages $2,000,000; 5. Award Emotional Distress and Mental Anguish damages $2,000,000; 6. Award General damages at $2,000,000; 7. Award Nominal damages at amounts appropriate for harm caused; 8. For Declaratory relief; 9. For reasonable attorney's fees and cost of suit, including expert fees; 10. For such other and further relief as the Court deem just and proper.

Signed this 29 day of August, 2015.

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

August 29, 2015
(Date)

_____
(Signature of Plaintiff)

5

ALEJANDRO PRADO, P58009
California Medical Facility, M-230
P.O. Box 2500
Vacaville, CA 95696-2500
 In Pro Per

ORIGINAL &COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

215 - CV - 1866    DAD PC

ALEJANDRO PRADO,                    )   No. _____
                                    )
        Plaintiff,                  )   (Civil Rights) 1983 DISABILITY
                                    )   COMPLAINT FOR DECLARATORY AND
    vs.                             )   PROSPECTIVE RELIEF AND DAMAGES
                                    )
Warden, GARY SWARTHOUT,             )   Demand For Jury Trial
California State Prison-Solano;     )
Deputy Warden, E.ARNOLD,            )
Associate Warden, G.MATTESON;       )
Lieutenants D.BLACKWELL & J.JIMENEZ )
Correctional Counselor II, N.CLARK; )
Correctional Officer, FLETES;.      )
Appeals Examiner(s) C.HAMMOND and   )
K.J.ALLEN; Chief(A) of Appeals,     )
J.A.ZAMORA, et al.,                 )
                                    )
        Defendants.                 )
_____)

Plaintiff Alejandro Prado alleges:

1. This is Complaint of injuries for declaratroy, prospective relief and punitive,
compensatory, general and nominal damages under 1983, with acts violating Armstrong
v. Brown(N.D.Cal.) C94-2038-CW, SETTLEMENT, and Title II of Americans with
Disabilities Act (ADA) at California State Prison-Solano (CSP-SOL), where in (ASU)
Administrative Segregation Unit, Plaintiff disabled using walking cane while being
escorted out Shower 'fell,' and was injured due to Cement blocked impediment to
Shower area, which was 'imminent danger,' for disabled person's and plaintiff.  To
which Plaintiff filed 602 grievance and ADA Modification request to equip for ADA

1

1  access pursuant Armstrong Remedial Plan, for Plaintiff 'fell,' second time in Shower

2  over a month late to exacerbate and worsen disability to where mobility is now

3  severly limited.  Plaintiff filed numerous Health Care Request for relief and had to

4  file separate 602 grievance for CSP-SOL Appeals Coordinator failed to process and

5  attempted to deny 602 response, which finally after grievance filed other 602 for

6  ADA modification was received.  The plaintiff exhausted all levels of Review and was

7  denied by defendant's at all Levels, which Defendant's had obligation to modifiy,

8  fix the building, or close off until modified before causing Eighth Amendment cruel

9  and unusual punishment to Plaintiff, thereby denying Equal Protection of Fourteenth

10 Amendment, all the while frustrating the grievance process to deny First Amendment

11 right to petition the Court for redress of grievance.  Which all the Defendant's had

12 supervisor's libality, to protect Plaintiff and 'Group Class,' who meet ADA of 1990,

13 and Rehabilitation Act of 1973; Calif. Gov't Code 11135(a), for Plaintiff is

14 inclusive of ADA and has diagnosed disability which required the Defendant's

15 services, programs, activities to meet the requirements of Armstrong; ADA, and the

16 above that violated 42 U.S.C. §12131, and Title II, §28 C.F.R. 35.150 Structural

17 changes, and 35.151, made accessible to plaintiff.  Which in totality has caused

18 harm to plaintiffs mobility permanently that requires Defendants declare their

19 rights and responsibilities, and damages must be given for maintenance to function

20 in every day life, and violation of the First, Eighth, Fourteenth Amendments of U.S.

21 Constitution which relief can be granted.

## II.  JURISDICTION

2. This case is brought pursuant 42 U.S.C. §1983 with pendent state claims.

Therefore jurisdiction is based upon 28 U.S.C. §1331 and §1343, with 42 U.S.C.

§12131, and Title II ADA, 504 Rehabilitation Act 1973, amended [29 U.S.C. §794]

28 C.F.R.

## III.  PARTIES

3. Plaintiff Prado was incarcerated at California State Prison-Solano, during

2

1    events described in the Complaint.

2       4. Defendant SWARTHOUT is Warden of CSP-SOL, and is responsible for administration,
3    implementing of policies, procedures, practices, and all services, programs,
4    activities at CSP-SOL including compliance with Armstrong SETTLEMENT and ADA, and is
5    in charge of supervision of all correctional employees at CSP-SOL, and that they
6    defendants Arnold, Matteson, Blackwell and Fletes comply with Armstrong and ADA.
7    Defendant SWARTHOUT is sued in his individual and official capacities.

8       5. Defendant ARNOLD is Chief Deputy Warden of CSP-SOL, and is responsible for the
9    administration of policies, procedures, practices, and all services, programs and
10   activities at CSP-SOL, including ASU and compliance with Armstrong SETTLEMENT and
11   ADA, and responds to 602 appeals for the warden, and is in charge of defendant's
12   Matteson, Blackwell, Fletes comply with Armstrong and ADA, and no injuries are
13   suffered by inmates from his supervision of correctional employees.  Defendant
14   ARNOLD is sued in his individual and official capacities.

15      6. Defendant(s) BLACKWELL and JIMENEZ are both Lieutenants at CSP-SOL, and are
16   responsible for supervision and discipline of correctional officers in their Units,
17   and the implementing of policies, procedures, practices of Armstrong and ADA, the
18   implementing, and interviews inmates for 602 appeal grievances including Armstrong
19   and ADA issues of compliance.  Denendant(s) BLACKWELL and JIMENEZ are both sued in
20   their individual and official capacities.
21
22      7. Defendant CLARK is Correctional Counselor II, (Specialist) and is responsible
23   for appeals at CSP-SOL, and may do interviews with inmates, and responds to ADA
24   Modifications at Second Level, and is responsible for compliance to Armstrong and
25   ADA compliance for inmates may not be injured for non-compliance. Defendant
26   CLARK is sued in his/her individual and official capacities.

27      8. Defendant(s) HAMMOND and ALLEN are both Appeals Examiner(s) for Chief Inmate
28   Appeals, and are responsible for reviewing appeals and the compliance to Armstrong
     and ADA, and to determine if prisons are complying to SETTLEMENT Remedial Plan.

                                          3

Defendant(s) HAMMOND and ALLEN are both sued in their individual and official capacities.

9. Defendant ZAMORA is Chief(A)cting of Inmate Appeals who reviews appeals for the Director of Adult Institutions and Secretary of California Department of Corrections and Rehabilitation (CDCR), and must review appeals for compliance of rules, regulations, state laws, DOM procedures, and Court Agreements including the compliance to Armstrong SETTLEMENT and ADA for procedures, policies, and practices challenged herein.  Defendant ZAMORA is sued in his/her individual and official capacities.

## IV.  STATEMENT OF FACTS

10. On September 3, 2013, Plaintiff in B-Facility, ('ASU') CSP-SOL, while escorted out from · Showers with 'Walking Cane,' **fell** while attempting to **steping-down** cement impediment about ten (24) inches high, which Plaintiff suffered severe injury to Right Side **'Hip, Knee** & Hit **back** of **Head** when complying to be hand-cuffed, and was carried to CSP-SOL, Clinic for treatment.

11. On September 5, 2013, Plaintiff filed grievance 602, 602-A, to Disability Equipment (ADA) or that Plaintiff be moved to Facility that is compliance, Exhibit's 1, 2, with attached CDCR-7219 Medical Report, showing injuries sustained, Exhibit 3.

12. On September 14, 2013, Lt., Blackwell conducted Interview with Plaintiff and the Plaintiff explained his issues with Armstrong; ADA compliance and for relief, cause by injuries.

13. On about September 31, 2013, Plaintiff received First Level Response with an CDCR-1824, Reasonable Modification Request attached, Exhibit 4, and First Level Response 'denied,' by Interviewer, Lt., Blackwell signed by Associate Warden, Matteson, Exhibit's 5, 6, Yet! 'FALSE,' documentation page 2, Exhibit 6, first paragraph, States: Appellant does not have a disability that impacts his placement which would require· ADA compliant shower.  Plaintiff's 'Walking Cane,'  is proof & Plaintiff included MHSDS and ·violation's ARTICLE-22 EMPLOYEE DISCIPLINE, page  27,

4

18. On November 3, 2014, Plaintiff responded 602, Section F., Exhibit 1, 2, CSP-SOLANO violated Due Process to hear 602, I continue to be housed on Ad-Seg, in spite of being told I'd be placed in CTC until Transfer by Second Level Review, Thus continuing to subject me to Dangerous and unsafe conditions! now I have Fallen twice in CSP-SOL Showers  due to them not being ADA equipped. Having to Step over a 2 to 3 Foot high Step as a mobility inparied ('Lower Extremeties') inmate. where I bare all my weight on one Leg then on the other Leg going in and out the shower on unstable Lower Extremeties, thus Falling twice! that not even the Anti-Skid/Non-Slip PAINT outside the Shower can prevent! each time I or any other mobility impaired/ADA inmate goes to the Shower we are being subjected to dangerous and unsafe conditions. CSP-SOLANO/CDCR is discriminating against me because of my condition by not being in compliance with ADA Federal Law!, and sent for Director's Review.

19. On November 10, 2013, Plaintiff filed 602, 602-A, herein attached Exhibit's 21, 22, that his 602's be processed and an investigation be conducted on CSP-SOLANO Staff Misconduct.

20. On November 11, 2013, Plaintiff submitted 7362 Health Request for "Shower Chair" CSP-SOLANO and Medical had Plaintiff use for Showers had given Plaintiff RASH Exhibit 14.

21. On November 20, 2013, Plaintiff was given Accommodation Chrono, adding Wheel-Chair, Exhibit 15.

22. On November 26, 2013, Plaintiff submitted CDCR-22, to Warden, Swarthout for no response to 602 filed November 10, 2013, as DOM 54100.9, inmate shall receive Assignment Notice in five (5) working days. Which Plaintiff request 602 appeals be processed, Exhibit 16.

23. On December 14, 20013, Plaintiff submitted 7362 Health Request "Is there any thing MEDICAL can do to insure I do not FALL again, Exhibit 17.

24. On December 10, 2013, Plaintiff received Third Level Decision, denied by Appeals Examiner, C. Hammond, and J.A. Zamora, Chief (A)cting Office of Appeals,

6

1  E. 7) FALSE Reports/record, which both defendant's Blackwell and Matteson had a

2  supervisor's Liability, Obligation and Duty to see that ASU was ADA; Armstrong

3  compliance, for Equal Protection and showed deliberate indifference denying an

4  'imminent danger,' condition that cause Eighth Amend. condition and injury.

5  14. On October 3, 2013, Plaintiff responded 602, Section D., Exhibit 1,

6  Dissatisfied First Level Response, being denied per Title 15 #3084.9(a)(B)(4), and

7  incorrectly stating I am not a participant of Mental Health Delivery System, see

8  Exhibit 7, now as a Mobility Impaired inmate per ADA I am to have ACCESSIBILITY to

9  Areas/Showers with Flat Surface and or Ramps to allow me/those with disabilities

10 access to without having anything impeading or blocking My/There way. While at the

11 same time free from (Potential) injury to my person per Armstrong. CSP-SOLANO is in

12 violation of Federal Law in not being in compliance with ADA! I am being Discrimi-

13 nated against due to my Disability and being subjected to unsafe living conditions.

14 15. On October 10, 2013, Plaintiff again was injured when escorted to ASU Shower

15 area Stepping over cement impediment which fall caused Tailbone & upper/lower Back

16 injury has caused continual pain an non-stop suffering to move, sit, walk, and

17 mobility is now severely limited, as CDCR-7219, Medical Report shows, Exhibit 8.

18 16. On October 13, 2013, Plaintiff submitted 7362 Health Request 'PAIN,' for he

19 had only been given MAPAP and sent back to unit, and other than Nurse, Gonzales & a

20 Office he was being denied Proper Medical Treatment, Exhibit 9, which Plaintiff also

21 submitted 7362, October 15, 2013, requesting relief that "anything be done to ensure

22 he do not Fall going in or out the Shower" ?  "I do Fear for my well being each time

23 I go to the Shower," Exhibit 10.

24 17. On about October 21, 2013, Plaintiff received Second Level Review, denied by

25 Chief Deputy Warden, Arnold for Warden, Swarthout, Exhibit's 12, 13, with CDC-1845

26 Disability Placement Program Verification, Exhibit 13, which this denial showed

27 deliberate indifference to ADA; Armstrong compliance for Equal Protection for an

28 Eigth Amend. condition causing injury and imminent danger Plaintiff and others.

5

1 | which these individuals in their Official capacities made "conscious affirmative

2 | choice," decisions as Nurse Blush in, <u>Clouthier v. County of Contra Costa</u>, 591 F.3d

3 | 1232 (9th Cir.2010) at **1245**, and Examiner, and Chief & CMF Supervisor's attempt to

4 | ratification of action, <u>Clouthier</u>, at *1250. SEE <u>Hansen v. Black</u>, 855 F.2d 642 (9th

5 | Cir.1989) at **646** **(2)** a sufficient casual connection between supervisor's wrongful

6 | conduct and the constitutional violation.; <u>Monell v. Department of Social Services</u>,

7 | 436 U.S. 658, 98 S.Ct.2018, 56 L.Ed.2d 611 (1978), which the Defendant's and each an

8 | all of them were deliberate indifference to Plaintiff as described in <u>Toguchi v.</u>

9 | <u>Chung</u>, 391 F.2d 1051 (9th Cir.2004) Objective and Subjective recklessness; meeting

10 | <u>Andrews v. Cervantes</u>, 493 F.3d 1047 (9th Cir.2007) when inmate Andrews was at CSP-

11 | SOLANO for 'imminent danger,' of Hip C., Exhibit's 18, 19, 20, denial Third Level.

12 |     25. On January 3, 2014, Plaintiff received Memo from CCII Appeals Coordinator,

13 | Clark for responses   Plaintiff received back 602, 602-A, Complaint to receive

14 | appeals responses, Exhibit's 21, 22, with CDCR-22 Request describing given to Officer

15 | Fletes to place in Box dated 11/4/2013, Exhibit 23, and Screening by Clark, denied,

16 | Exhibit 24, which Plaintiff responded with GA-22 Request asking for appeal to be

17 | processed dated 12/3/2013, Exhibit 25, for Plaintiff had filed ADA Reasonable

18 | Modification Request, December 15, 2013, for Not acknowledging ADA Medical condition

19 | herein, Exhibit 34, which Appeals Coordinator, Clark's Memo, Exhibit 26, in conflict

20 | of Interest interviews for Complaint against Clark.

21 |     26. On about February 18, 2014, Plaintiff received Second Level Response, **partially**

22 | **granted** by Deputy Warden, Arnold signing <u>4</u> Warden, Swarthout, that Plaintiffs appeals

23 | has been processed, Exhibit's 27, 28, with **'ATTACCHMENT,'** 602, 602-A, filed October

24 | 14, 2013, of second <u>Injury</u> Fall due to **Shower impediment**, that was 'Not,' Logged in,

25 | Exhibit's 29, 30, with CDCR-7219 Med. Injury Report, Exhibit 31. This was as <u>Woodford</u>

26 | <u>v. Ngo</u>, 126 S.Ct. 647,163L.Ed.2d 525 (2005) Reversed & Remanded 6/22/2006, at

27 |     CONCLUSIONS: Procedural default is not an inextricable element of PLRA's

28 | exhaustion requirement. If it were, prisoners access to Courts would be based on

7

1  their ability to navigate minefields, not whether their claims had any merit.

2  Moreover prison administrators should not be given incentive to fashion grievance

3  which defeat prisoners meritorious claims. Clark caused 8th Amend, denying 1st.

4  27. On March 4, 2014, Plaintiff responded Second Level, 602, Section F., Exhibit 21

5  In spite of my 602 processed my 602's. My second Shower Fall (10/10/13) has Yet! to

6  be processed not an explaination to the where abouts of the Original second Shower

7  Fall 602 that I handed to C/O Fletes to submit to the Appeal Box to Inquire the

8  status of 602 with 'NO,' Response (SEE Attached) Thus, denying me the Right to

9  Grievance and Access to the Court!, and sent for Director's Review.

10  28. On May 29, 2014, Plaintiff received Director's Review, denied by Appeals

11  Examiner, Allen for Chief (A)cting, Office of Appeal, Zamora, who represents CDCR

12  Secretary, Jeffery Beard, citing procedures does not allow for inmates to decide what

13  appeals are processed as staff complaint issues, Exhibit 32, 33, Yet! in Brodheim v.

14  Cry, 584 F.3d 1262 (9th Cir.2009) at pages 1271-72, 4. Legitimate Penological

15  Interest [9] at 1272, citing Turner v. Safely, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.

16  2d 64 (1987) that four factors, a court is to consider in determining whether a

17  proffered legitimate penological interest is reasonably related to a regulation which

18  infringes on a prisoner's constitutional right. 'valid, rational connection' between

19  the prison regulation and legitimate [and netutral] governmental interest put forward

20  to justify it.' . . . , In addition, courts should consider three other factors: the

21  existence of "altenative means of exercising the right" available to inmates; "the

22  impact accommodation of the asserted constitutional right will have on guards and

23  other inmates, and on the allocation of prison resources generally"; and "the

24  absence of ready alternatives" available to the prison for achieving the governmental

25  objectives.  Also as for deciding what appeals are processed, SEE Brodheim at 1269

26  B. The Validity of Brodheim's Claim on the Merits    [5] citing Turner and Bell v.

27  Wolfish. It is well-established that, among the rights they retain, prisoners have a

28  First Amendment right to file grievances. See Rhodes v. Robinson 408 F.3d 559 (9th

8

Cir.2005). Defendant's Allen and Zamora's denial shows deliberate indifference to protected First Amendment rights allowing Eighth Amendment condition to harm and injury for Clarks denial of due process and Equal Protection, and made "conscious affirmative choice," Clouthier supra, and supervisor's liability, Hansen supra.

29. On December 15, 2013, Plaintiff having filed CDCR-1824 Reasonable Modification Request to be housed properly for Fallen Twice and Discriminated against and Unsafe Conditions, Exhibit 34, and further followed-up with CDCR-22's Request for Service, Exhibit's 35, December 19, and December 22, 2013, Exhibit's 35, 36, to ASU Lieutenant which Exhibit 35, Response Section B., D.Mclain states: CSP-SOLANO "does not have Showers with Flat Floors.

30. On December 24, 2013, Plaintiff received MODIFICATION ORDER, by CCI, Estrella, Exhibit 37, stating Plaintiff is able to access Showers, with Response, by Lieutenat, Jimenez, interviewer **Partially Granted** for Grab Bars, and given a Walker, Yet! Plaintiff is still 'Forced,' to Step-On/Over cement impediment, Exhibit's 38, 39, with Accommodations History Form, Exhibit 40, and pages 7 and 10, of REMEDIAL PLAN, Ehibit's 41, 42, Yet! in Braddy v. Attygalla, 196 F. Supp. 2d (C.D.Cal.2002) **Partially GRANTED** is sufficient for Court, where inmate Charles Brady lost 'Eye' due to improper Med. treatment. Which the Defendant's each an all of them herein placed Plaintiff in 'Imminent danger," Andrews, supra page 7, at page 1056, 6, a prisoner alleges that prison officials continued with a practice that has injured him or others similarly in the past will satisfy the "ongoing danger' standard, defendant Jimenez and CSP-SOLANO could have had cement impediment removed to meet Armstrong; 42 U.S.C. §12132, by no later than July 26, 1992, public entities were required to complete an evaluation of its services, policies, an practices, the efforts thereof on persons with disabilities, and make modifications necessary to ensure that requirements of Title II are meet.

31. Title II 28 C.F.R. §35.150 may require **removal** of **barriers** in some cases, where removal would be required under Title III; §35.150(b)(1) [S]tructural changes

9

1  in existing facilities are **required** only when there in no other feasible way to make

2  the public entity's program accessible.  §35.151 buildings that are constructed or

3  altered by, on behalf of or for the use of a public entity **shall** be designed,

4  constructed or altered to be readily accessible to use and useable by individual with

5  disabilities.  The Defendant's and CSP-SOLANO/CDCR were not in compliance with above

6  that caused Plaintiffs injury and defendant Jimenez showed deliberate indifference to

7  plaintiff and others similarly situated. For 8th Amend. violation.

8      32. From February 26, 2014, to March 16, 2014, Plaintiff submitted GA-22, Second

9  Shower 'Fall' Exhibit 43  & Request for Interviews, Items or Service, for unsafe

10 conditions, difficult to balance and keep feet under me due to falls in Showers and

11 being Safe or Accommodation for disabilities, Exhibit 44, and inquiry into 602

12 submitted February 26, 2014, Exhibit 45, and subjected to unsafe conditions being

13 placed on Non-ADA Showers, Exhibit 46.

14     33. On April 13, 2014, Plaintiff submitted Health Care Request, for Left Hip and

15 Knee are causing PAIN from baring all my weight and having to hop around on my Left

16 Leg in order to move areound due to my right Foot.  Not doing anything to assist me,

17 Exhibit 47.

18     34. On March 23, 2014, Plaintiff filed 602, 602-A, for Cancellation of 602 #CSP-S-

19 14-00623, Exhibit 48, 49, with herein Exhibit 29 as ATTACHMENT, which was Screened

20 Out by Appelas Coordinator March 14, 2014, Exhibit 50, and after resubmitting was

21 again  Screened Out, Exhibit 51, and resubmitted and received Second Level Response

22 by CCII, N.Clark, for Warden(A),E.Arnold, denied, Exhibit's 52, 53, with another

23 Accommodation History FORM, whcih Plaintiff responded at Exhibit 48, Section F., and

24 sent for Director's Review.

25     35. On September 2, 2014, Plaintiff later received Director's Review to 602, 602-A

26 Exhibit 48, 49, denied by Appeals Examiner, K.J. Allen for Chief Appeals, R.L. Briggs

27 Exhibit's 54, 55, to deny Due Process of Fourteenth Amend. for First Amend. right to

28 petition for redress.

10

**36.** On April 25, 2014, Plaintiff filed Accommodation Modification Request to Retro-Fit Showers for having had surgery on Right Foot and issued Crutches, and forcing plaintiff to Hop around until Nurse Lahey issued crutches, Exhibit 56, with Chrono, Exhibit 57, which was Screened out by Appeals Coordinator, Exhibit 58, as a Rejected appeal, April 29, 2014, which plaintiff received MODIFICATION ORDER, April 30, 2014, Exhibit 59, Wheelchair and Shower-Chair, with Accommodation History Form, and later to be resubmitted and Screened out again, May 1, 2014, citing that plaintiff had been moved to CMF-Vacaville, Exhibit 60, and plaintiff still suffers on-going PAIN and Mobility issues.

**37.** At no time CSP-SOLANO or CDCR or its agents attempted to modify/remove cement impediment to Segregation Showers for ADA compliance and Plaintiff Prado, or complaint for denial of right to petition for redress, or and agents of Defendant's give true consideration to substance of Plaintiff Prado's allegations of injuries suffered from discrimination based on disability. Defendant's with reckless disregard to Plaintiff Prado and others similarly situated that had a right to be free from discrimination based on disability, which a present and actual controversey exists between Plaintiff Prado and Defendant's concerning their rights and respective duties. Plaintiff Prado contends defendants have violated Armstrong Remedial Plan; ADA Title II, and Rehabilitation Act, Title 15 #3004(c), #3084.1 right to grievance; First Amendment; causing Plaintiff Prado to suffer Eighth Amendment cruel and unusual punishment, while denying Equal Protection of Fourteenth Amendment, which relief can be granted under United States Constitution.

11

**CLAIMS FOR RELIEF**

Plaintiff Prado realleges and incorporates herein by reference each and every allegation of paragraphs 1. through **37.**

**38.** The actions of Defendant's SWARTHOUT, ARNOLD, MATTESON, BLACKWELL, JIMENEZ, CLARK, FLETES, HAMMOND, ALLEN, ZAMORA, gives legitimacy to denial of ADA compliance and Armstrong Remedial Plan, and Right to petition for redress causing cruel and unusual punishment, while denying equal protection all denying First, Eighth and Fourteenth Amendment of United States Constition.

**39.** Plaintiff's medical condition, as described herein, constitutes a serious medical need in that failure to comply/modify treat resulted in further significant injury that if not treated properly is likely to cause permanent non-mobility. Said injury included , but not necessarily been limited pain, to stand, sit, walk, lay on low back, tailbone, hip, knees, right foot, throbbing and so sharp pain at times to effect breathing in chest, which all cause significant effects in activities in prison each and every day.

**40.** As a proximate result of the defendant's conduct plaintiff has suffered and continues to suffer prospective relief and general damages in the form of pain to move, stand, walk, lay-down causing emotional distress and mental anguish. Plaintiff is informed and believes, and thereon alleges that he will continue to suffer damages in the future.

**41.** As further proximate result of defendant's conduct plaintiff is informed and believes, and thereon alleges, that he will suffer special damages in the future in the form of medical expenses for future treatment of his conditions, and loss of income.

**42.** In acting as described herein, defendant's acted despicably, knowingly, willfully, and maliciously, or with reckless or callous disregard of for

12

plaintiffs federally protected rights, entitling plaintiff to an award of emotional

distress, mental anguish, and prospective and general relief damages with nominal

and punitive and compensatory damages giving declaratroy relief.

### DECLARATORY RELIEF ALLEGATIONS

**43.** Plaintiff PRADO  realleges and incorporates herein by reference each and every

allegation of paragraphs 1. through **42.**

**44.** Plaintiff PRADO seeks judicial declaration of the rights duties of the

respective parties.

### PRAYERS FOR RELIEF

Wherefore plaintiff Alejandro Prado prays for judgment and relief against defendants

as follows:

1. CSP-SOLANO remove cement impediment from showers ASU B-10, for disabled.

2. Award compensatory damages in the following amounts, $2,000,0000, jointly

and severly against defendant's Swarthout, Arnold, Matteson, Blackwell, Jiminez,

Fletes, Hammond, Allen, Zamora;

3. Award Punitive damages in the following amounts, $2,000,000, for each defendant

4. Award Prospective damages at $2,000,000, for each defendant for damages

plaintiff will suffer in the future;

5. Award Emotional Distress and Mental Anguish damages at $2,000,000, for each

defendant;

6. Award General damages jointly and severly at $2,000,000, for all defendants;

7. Award Nominal damages at amounts appropriate for harmed caused;

8. For Declaratory relief;

9. For reasonably attorney's fees and cost of suit, including expert fees,

pursuant 2 U.S.C. 12205, 29 §2617(a)(3), 42 U.S.C. 1988, Cal. Civil Code §§ 52(a),

§54.3(a), §55 Cal. Code of Civil Procedures §1021.5 and other laws;

10. For such other and further relief as the Court deem just and proper.

Dated: __August 29, 2015__ .

13

Respectfully submitted

Alejandro Prado

Plaintiff, In Pro Per

## DEMAND FOR JURY TRIAL

Plaintiff Alejandro Prado hereby demand trial by jury.

Dated: August 29, 2015            _Alejandro Prado_

## VERIFICATION

I Alejandro Prado, state:

I am the Plaintiff for 1983 Civil Suit and the facts stated therein are true of my own knowledge, except as to matters that are therein stated on my own information and belief, and as to those matters I believe them to be true and correct and that this declaration was executed at California Medical Facility-Vacaville, this day, August 29, 2015.

_Alejandro Prado_

14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ALEJANDRO PRADO

v.                                                    Case Number:
Warden, GARY SWARTHOUT; CSP-SOLANO;
CDW, ARNOLD; A.W., MATTESON, et al.,

                                                      PROOF OF SERVICE

                                           /

I hereby certify that on    August   ,2015                    , I served a copy
                  CIVIL RIGHTS 1983 DISABILITY COMPLAINT FOR DECLARATORY AND
of the attached   PROSPECTIVE RELIEF AND DAMAGES

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter

listed, by depositing said envelope in the United States Mail at

California Medical Facility              :

(List Name and Address of Each          UNITED STATES DISTRICT COURT
Defendant or Attorney Served)           EASTERN DISTRICT OF CALIFORNIA
                                        CLERK OF COURT
                                        501 'I' Street, Room 4-400
                                        Sacramento, CA 95814

        I declare under penalty of perjury that the foregoing is true and correct.

                              (Signature of Person Completing Service)

Exhibit 1

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

" EMERGENCY "
ONLY

1305325

P58009

Institution/Parole Region:    Log #:
CSR-S        13-2143

FOR STAFF USE ONLY

Re-CAT
Category:
ADA

You may appeal ... ...abilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available.  See California Code of Regulations, Title 15, (CCR) Section 3084.1.  You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal.  If additional space is needed, only one CDCR Form 602-A will be accepted.  Refer to CCR 3084 for further guidance with the appeal process.  No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.        WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Prado, Alejandro | P58009 | B 10-119 | |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

Conditions

RECEIVED

SEP 09 2013

CSP-SOLANO
APPEALS OFFICE

RECEIVED

A.  Explain your issue (If you need more space, use Section A of the CDCR 602-A): ON 9/03/13, UPON COMPL-
ETION OF MY SHOWER. AS C/O PAREDES WAS ABOUT TO CUFF AND RETURN ME TO MY CELL. AS
I BEGAN TO STEP DOWN FROM THE SHOWER STEP TO BE CUFFED MY FOOT AND CANE SLIPPED,
THUS, FALLING AND HITTING MYSELF IN THE HEAD, HIP AND KNEE. WHILE IN THE PROCESS HURTING

B.  Action requested (If you need more space, use Section B of the CDCR 602-A): THAT SOLANO/AD-SEG BE
DISABILITY EQUIPET (ADA) OR THAT I BE MOVED TO A FACILITY THAT IS!

Supporting Documents: Refer to CCR 3084.3.
☒ Yes. I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):
MEDICAL REPORT CDCR 7214, DISABILITY PLAC-
EMENT CDCR 1845

☐ No. I have not attached any supporting documents. Reason :_____

INMATE APPEALS BRANCH
RECEIVED
NOV -6 2013

Inmate/Parolee Signature: Alejandro Prado          Date Submitted: 9/05/13
_____ By placing my initials in this box, I waive my right to receive an interview.

C.  First Level - Staff Use Only                    Staff – Check One:  Is CDCR 602-A Attached?  ☒ Yes   ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review.  Go to Section E.
☐ Rejected (See attached letter for instruction)  Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the First Level of Review.

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response, include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: 9/14/13     Interview Location: ASU Clasica
Your appeal issue is:  ☐ Granted   ☒ Granted in Part   ☒ Denied   ☐ Other: _____

_____ See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer: _____ Title: LT  Signature: _____ Date completed: 9/17/13
(Print Name)
Reviewer: _____ Title: ALL  Signature: _____
(Print Name)
Date received by AC: 9.30.13

AC Use Only
Date mailed/delivered to appellant ___ / ___ / ___

**D. If you are dissatisfied with the First Level response**, explain the reason below. attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space. use Section D of the CDCR 602-A.

I AM DISSATISFIED WITH THE FIRST LEVEL RESPONSE, BEING DENIED PER TITLE 15 3084.9 (2)(B)(3)(4) AND INCCRRECTLY STATING THAT I AM NOT A PARTICIPANT OF MENTAL HEALTH SERVICES DELIVERY SYSTEM (SEE ATTACHMENT) NOW, AS A MOBILITY IMPAIRED INMATE PER ADA I AM TO HAVE ACCESSIBILITY TO AREAS/SHOWERS WITH FLAT SURFICES AND OR RAMPS TO ALLOW MY/THOSE WITH DISABILITIES ACCESS TO, WITHOUT HAVING ANYTHING IMPEADING CR BLOCKING MY/THERE WAY, WHILE AT THE SAME TIME FREE FROM (POTENTIAL) INJURY TO MY PERSON PER ARMSTRONG. CSP SOLANO IS IN VIOLATION OF FEDERAL LAW IN NOT BEING IN COMPLIANCE WITH ADA! I AM BEING DISCRIMINATED AGAINST DUE TO MY DISABILITY AND BEING SUBJUCTED TO UNSAFE LIVING CONDITIONS! —

Inmate/Parolee Signature: _Alfjandro Prado_   Date Submitted : _10/03/13_

**E. Second Level - Staff Use Only**   Staff – Check One: Is CDCR 602-A Attached? ☒ Yes ☐ No

This appeal has been:
☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: ___ Date: ___ Date: ___ Date: ___
☐ Cancelled (See attached letter)
☒ Accepted at the Second Level of Review
Assigned to: _Hppcals_ Title: _LLTT_ Date Assigned: _10-11-13_ Date Due: _10-21-13_

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.
Date of Interview ___ Interview Location: ___ N/A

Your appeal issue is: ☐ Granted ☒ Granted in Part ☒ Denied ☐ Other: ___
See attached letter. If dissatisfied with Second Level response, complete Section F below.
Interviewer: ___ Title: ___ Signature: ___ Date completed : N/A
Reviewer: ___ Title: ___ Signature: ___ ADA coord
Date received by AC: _10-21-13_

AC Use Only
Date mailed/delivered to appellant ___

**F. If you are dissatisfied with the Second Level response**, explain reason below; attach supporting documents and submit by mail to Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch. Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento. CA 94283-0001. If you need more space. use Section F of the CDCR 602-A

I AM DISSATISFIED WITH THE SECOND LEVEL REVIEW. CSP-SOLANC VIOLATED THE DUE TO HEAR 602 (SEE ATTACHED) I CONTINUE TO BE HOUSED IN AD SEG, IN SPITE OF BEING TOLD I BE PLACED IN CTC UNTIL TRANSFER BY SECOND LEVEL REVIEW, THUS, CONTINUING TO SUBJUCT ME TO DANGEROUS AND UNSAFE CONDITIONS! NOW, I HAVE FALLEN TWICE IN CSP-SOLANC SHOWERS, DUE TO THEM NOT BEING ADA EQUIPPED, HAVING To STEP OVER A 2 TO 3 FOOT HIGH STEP AS A MOBILITY IMPAIRED (LOWER EXTREMETIES) INMATE, WHERE I MUST BARE ALL MY WEIGHT ON ONE LEG THEN ON THE OTHER LEG GOING IN

Inmate/Parolee Signature: _Alejandro Prado_   Date Submitted: _11/03/13_

**G. Third Level - Staff Use Only**
This appeal has been:
☐ Rejected (See attached letter for instruction) Date: ___ Date: ___ Date: ___ Date: ___ Date: ___
☐ Cancelled (See attached letter)  Date: ___
☒ Accepted at the Third Level of Review. Your appeal issue is ☐ Granted ☐ Granted in Part ☒ Denied ☐ Other: ___
See attached Third Level response.

Third Level Use Only
Date mailed/delivered to appellant DEC 1 0 2013

**H. Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

___ Inmate/Parolee Signature: ___ Date: ___
F nt Staff Name: ___ Title: ___ Signature: ___ Date: ___

Exhibit 2

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (08/09)

"EMERGENCY"                                          Side I

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | CSP-S | 13-2143 | |

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.         WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number. | Assignment: |
|---|---|---|---|
| Prado, Alejandro | P58009 | B 10-119 | |

A.  Continuation of CDCR 602, Section A only (Explain your issue) : MY BACK. I WAS THEN TOOKEN TO
MEDICAL IN A WHEELCHAIR WHERE A MEDICAL REPORT (CDCR 7219) WAS DONE. I WAS THEN RETURNED
TO MY CELL. NOW, I AM MOBILITY IMPAIRED, WHERE THE USE OF MEDICAL APPLIANCE (CANE) IS NEED-
ED TO SUPPORT MY RIGHT FOOT/LEG TO MOVE AROUND, SO IT IS DIFFICULT TO USE AD-SEG SHOWERS
THAT ARE NOT MEDICALLY/ADA EQUPPET FOR THOSE INMATES WITH DISABILITIES TO STEP OVER THE
SHOWER STEP TO SHOWER. MAKING IT DANGEROUS AND HARMFUL FOR THOSE INMATES TO USE THE SHOWER FACILI-
TIES AND LIABLE TO GET HURT WITHOUT A RAMP OR PROPER EQUIPETMENT. PER ARMSTRONG V SCHWARZENE-
GGER (2002) ALL PRISON FACILITIES ARE TO BE ADA EQUIPETED.

RECEIVED
SEP _ 2013
CSP-SOLANO
APPEALS OFFICE
RECEIVED

SOLANO
APPEALS OFFICE

INMATE APPEALS BRANCH
RECEIVED
NOV -6 2013

Inmate/Parolee Signature: Alejandro Prado          Date Submitted:
9/05/13

B.  Continuation of CDCR 602, Section B only (Action requested): _____

Inmate/Parolee Signature: _____          Date Submitted: _____

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (08/09)
Case 2:15-cv-01866-WBS-DB    Document 1    Filed 09/03/15    Page 22 of 90
Side 2

D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____    Date Submitted: _____

F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response): AND OUT THE SHOWER ON UNSTABLE LOWER

EXTREMITIES, THUS, FALLING TWICE! THAT NOT EVEN THE ANTI-SKID/NON-SLIP PAINT OUTSIDE THE SHOWER CAN PREVENT!

EACH TIME I OR ANY OTHER MOBILITY IMPAIRED/ADA INMATE GOES TO THE SHOWER WE ARE BEING SUBJECTED TO DANGEROUS

AND UNSAFE CONDITIONS! CSP-SOLANO/CDCR IS DISCRIMINATING AGAINST ME BECAUSE OF MY CONDITION BY NOT

BEING IN COMPLIANCE WITH ADA FEDERAL LAW!

_____

_____

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _Alejandro Pardo_____    Date Submitted: _11/02/13_____

Exhibit 3

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**MEDICAL REPORT OF INJURY
OR UNUSUAL OCCURRENCE**

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT (circle) | | ON THE JOB INJURY | DATE |
|---|---|---|---|---|---|
| CSP Solano | Ad-Seg | INJURY (circled) | | PRE AD/SEG ADMISSION | 9-3-13 |
| | | USE OF FORCE   UNUSUAL OCCURRENCE | | | |

| THIS SECTION FOR INMATE ONLY | NAME | LAST Prado | FIRST Alejandro | CDC NUMBER P-58009 | HOUSING LOC. 10-119C | NEW HOUSING LOC. |
|---|---|---|---|---|---|---|

| THIS SECTION FOR STAFF ONLY | NAME | LAST | FIRST | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs |
|---|---|---|---|---|---|---|

| THIS SECTION FOR VISITOR ONLY | NAME | LAST | FIRST | MIDDLE | DOB | OCCUPATION |
|---|---|---|---|---|---|---|
| | HOME ADDRESS | | CITY | STATE | ZIP | HOME PHONE |

| PLACE OF OCCURRENCE Ad-Seg Shower | DATE/TIME OF OCCURRENCE 9-3-13   0945 | NAME OF WITNESS(ES) C.O. Paredes |
|---|---|---|

| TIME NOTIFIED 0950 | TIME SEEN 0950 | ESCORTED BY C.O. Peredes | MODE OF ARRIVAL (circle) LITTER  WHEELCHAIR (circled)  AMBULATORY  ON SITE | AGE 33 | RACE Mex | SEX M |
|---|---|---|---|---|---|---|

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

" When I was getting down to get cuffed, I slipped and fell."

| INJURIES FOUND?   YES (NO) | |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | 11 |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | 16 |
| Other | 17 |
| | 18 |
| | 19 |

| O.C. SPRAY EXPOSURE? | YES (NO) |
|---|---|
| DECONTAMINATED? | YES / NO |
| Self-decontamination instructions given? | YES (NO) |
| Refused decontamination? | YES (NO) |
| Q 15 min. checks | |
| Staff issued exposure packet? | YES (NO) |

| RN NOTIFIED/TIME | PHYSICIAN NOTIFIED/TIME |
|---|---|
| Lahey   0950 | |

TIME/DISPOSITION 1010 hrs
Pt returned to his cell in stable condition

REPORT COMPLETED BY/TITLE (PRINT AND SIGN)
P. Lahey

| BADGE # | RDOs |
|---|---|
| 256 | Sat |
| 5013 | Sun |

(Medical data is to be include in progress note or emergency care record filed in UHR)

CDCR 7219 (Rev. 11/05)   DISTRIBUTION:   ORIGINAL - Custody   CANARY - Inmate/Employee   PINK - Health and Safety / RTW Coordinator (only work related injury)

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# REASONABLE MODIFICATION OR ACCOMMODATION REQUEST

CDCR 1824 (Rev. 10/06)

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| CSPS- | 13 - 2143 | **18. ADA** |

**NOTE:** THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.*

| INMATE/PAROLEE'S NAME(PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| Pradc, A. | P55209 | — | | 10-11 9 |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disibility shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you. If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

## MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY:

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?

DESCRIBE THE PROBLEM:

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?

| INMATE/PAROLEE'S SIGNATURE | DATE SIGNED |
|---|---|
| | |

REASONABLE MODIFICATION OR ACCOMMODATION REQUEST

Page 2 of 2

CDCR 1824 (Rev. 10/06)

## REVIEWER'S ACTION

**TYPE OF ADA ISSUE**

DATE ASSIGNED TO REVIEWER: 9-12-13

DATE DUE: 10-3-13

☐ PROGRAM, SERVICE, OR ACTIVITY ACCESS (Not requiring structural modification)

    ☐ Auxiliary Aid or Device Requested

    ☐ Other_____

☒ PHYSICAL ACCESS (requiring structural modification)

**DISCUSSION OF FINDINGS:** See attached

9/14/13

DATE INMATE/PAROLEE WAS INTERVIEWED

L4 D Blackwell

PERSON WHO CONDUCTED INTERVIEW

## DISPOSITION

☐ GRANTED      ☒ DENIED      ☐ PARTIALLY GRANTED

**BASIS OF DECISION:** See attached

**NOTE:** If disposition is based upon information provided by other staff or other resources, specify the resource and the information provided. If the request is granted, specify the process by which the modification or accommodation will be provided, with time frames if appropriate.

DISPOSITION RENDERED BY (NAME)    G. Matteson

TITLE    AW

INSTITUTION/FACILITY    SOL

## APPROVAL

ASSOCIATE WARDEN'S SIGNATURE    ADA Coord.

DATE SIGNED 8/24/13

DATE RETURNED TO INMATE/PAROLEE SEP 3 0 2013

State of California                                                    Department of Corrections and Rehabilitation

# Memorandum

Date:    September 27, 2013

To:    PRADO (P58009 10-119-L)
       California State Prison-Solano (CSP-SOL)

Subject:  FIRST LEVEL APPEAL RESPONSE LOG NO: CSP-S-13-02143

ISSUE:

Specifically, on September 3, 2013, while stepping down from the shower step to be placed in
mechanical restraints (handcuffs), the appellant's foot and cane slipped on the water, causing the
appellant to fall in the shower.

It is the appellant's position that he is requesting a modification or accommodation for at least one
(1) Administrative Segregation Unit (ASU) shower to accommodate inmates that are part of the
Armstrong Remedial Plan (ARP). The appellant is requesting that ASU be ADA equipped or that
he be transferred to a Facility that is. The appellant states that it is difficult to use showers that
are not ADA equipped to accommodate those inmates with disabilities. The appellant is required
to step over a section of tile to enter the shower making it dangerous and harmful for himself and
any other inmate with limited mobility. Use of the shower facilities in ASU without a ramp or the
proper equipment can result in injury. Per Armstrong v. Schwarzenegger (2002) all prison
facilities are to be ADA equipped.

INTERVIEWED BY:

Appellant was interviewed by Correctional Lieutenant D. Blackwell on September 14, 2013, per
Captain R. Mitchell at the First Level of Review (FLR).

REGULATIONS: The California of Regulations (CCR) Title 15 governing rule(s) this issue:

**Armstrong Remedial Plan (ARP)**
**CCR § Section 3335 Administrative Segregation**

DISCUSSION:

On August 14, 2013, Correctional Lieutenant D. Blackwell conducted a face to face interview
with the appellant in order to allow appellant the opportunity to fully explain the appeal and
provide in his own words any additional information or documents that would help in resolving
this issue.

It was noted that appellant has a Departmental Test of Adult Basic Education (TABE) reading
score of 8.6. Per the Disability Effective Communications System (DECS) that appellant is not a
participant in the Mental Health Services Delivery System (MHSDS). The appellant has a cane,
mobility vest, shoes, requires waist chains and has a lower bottom bunk chrono based on his
mobility limitations. During the interview Correctional Lieutenant D. Blackwell asked the
appellant if he understood the appeal process and appellant stated he had no problem
understanding and did not require assistance for this appeal thus ensuring effective
communication had been achieved.

Exhibit 6

PRADO P58009
CASE NO.: CSP-S -13-02143
PAGE 2

During the interview the appellant reiterated the contents of his CDCR 1824 and had nothing to add. It is noted that the appellant does not have a disability that impacts his placement which would require an ADA compliant shower. The appellant is also authorized the use of waist chains which aid in the use of his cane.

On September 17, 2013, Correctional Lieutenant D. Blackwell interviewed Correctional Officer J. Paredes regarding the fall that the appellant had on September 3, 2013. Officer J. Paredes confirmed that the appellant did slip and fall in the shower. A medical evaluation was performed and a CDC 7219 was completed indicating there were no injuries; however, the appellant did complain of pain. It should be noted that Medical reviewed the appellant's 1845, Reasonable Accommodation chrono, dated June 7, 2013 and noted that the appellant is DNM and requires waist restraints.

DECISION:

Based on the foregoing, the appeal is **DENIED.**

Appellant's request to have at least one (1) ASU shower modified to accommodate inmates that utilize medical appliances is **denied**. The shower is appropriately equipped to accommodate the appellant based on his medical designation.

Appellant's request to be removed from ASU to another facility is **denied** unless deemed necessary by medical staff. Per the Armstrong Remedial Plan (ARP) and the appellant's current DNM designation, the appellant is appropriately housed at CSP-Solano.

If dissatisfied with the First Level appeal response, this issue may be submitted to the Second Level for Review.

**G. Matteson**
Associate Warden
Level III Operations and Case Records
California State Prison-Solano

**Mental Health Placement Chrono**

CDCR 128-MH3 (Rev. 10/12)

Inm.te Name: _Predo, Alijandro_     CDCR Number: _P58009_     Housing: _10-119_     Institution: _SOL_

This inmate has received a Mental Health Evaluation with the following results [Check box(es) below]:

A. ☐ **Does not** meet criteria for inclusion in the Mental Health Services Delivery System (MHSDS)
B. ☑ **Meets** inclusion criteria for the MHSDS. Check Level of Care (LOC) below.
    ☐ Qualifying mental disorder   **OR**
    ☑ Inclusion is for Medical Necessity (obtain Chief of Mental Health signature below)
C. ☐ **Currently** included in MHSDS. Check new or continuing LOC below.

**LOC:** ☑ Clinical Case Management (CCCMS)   ☐ Enhanced Outpatient Program (EOP)   ☐ Outpatient Housing Unit (OHU)   ☐ Crisis Bed (MHCB)*

*If LOC is MHCB, was inmate admitted for danger to others?  ☐ Yes ☐ No    Referral to:   ☐ ICF   ☐ APP

Level of Functioning Assessment (GAF Score):    60    Psychotropic Medication Prescribed: ☐ Yes   ☐ No

Behavior Alerts: _____

_E. Abugos LCSW_      _(signature)_

CLINICIAN'S NAME (Print)        CLINICIAN'S SIGNATURE        CHIEF OF MENTAL HEALTH or DESIGNEE SIGNATURE

_(signature)_                                   9/10/13

IDTT LEADER SIGNATURE         TIME                       DATE

Distribution: White - Unit Health Record; Canary - Inmate; Pink - Central File

*Exhibit 8*

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## MEDICAL REPORT OF INJURY OR UNUSUAL OCCURRENCE

| NAME OF INSTITUTION | FACILITY/UNIT | | REASON FOR REPORT *(circle)* | INJURY | ON THE JOB INJURY | DATE |
|---|---|---|---|---|---|---|
| | | | USE OF FORCE | UNUSUAL OCCURRENCE | PRE AD/SEG ADMISSION | 10/10/13 |

| | NAME | LAST | FIRST | CDC NUMBER | HOUSING LOC. | NEW HOUSING LOC. |
|---|---|---|---|---|---|---|
| **THIS SECTION FOR INMATE ONLY** | | Prado | Alejandro | P58009 | | |

| | NAME | LAST | FIRST | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs |
|---|---|---|---|---|---|---|
| **THIS SECTION FOR STAFF ONLY** | | | | | | |

| | NAME | LAST | FIRST | MIDDLE | DOB | OCCUPATION |
|---|---|---|---|---|---|---|
| **THIS SECTION FOR VISITOR ONLY** | | | | | | |
| | HOME ADDRESS | | CITY | STATE | ZIP | HOME PHONE |

| PLACE OF OCCURRENCE | DATE/TIME OF OCCURRENCE | | NAME OF WITNESS(ES) | | | |
|---|---|---|---|---|---|---|
| Ad-Seg shower | 10/10/13 1440 | | | | | |

| TIME NOTIFIED | TIME SEEN | ESCORTED BY | MODE OF ARRIVAL *(circle)* | | AGE | RACE | SEX |
|---|---|---|---|---|---|---|---|
| | 1457 | C.O | LITTER | (WHEELCHAIR) | 34 | Mex | M |
| | | | AMBULATORY | ON SITE | | | |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

fell down in the shower hit the up back and tailbone

| INJURIES FOUND? | YES / NO | |
|---|---|---|
| Abrasion/Scratch | 1 | |
| Active Bleeding | 2 | |
| Broken Bone | 3 | |
| Bruise/Discolored Area | 4 | |
| Burn | 5 | |
| Dislocation | 6 | |
| Dried Blood | 7 | |
| Fresh Tattoo | 8 | |
| Cut/Laceration/Slash | 9 | |
| O.C. Spray Area | 10 | |
| Pain | 11 | |
| Protrusion | 12 | |
| Puncture | 13 | |
| Reddened Area | 14 | |
| Skin Flap | 15 | |
| Swollen Area | 16 | |
| Other | 17 | |
| | 18 | |
| | 19 | |

tenderness

tenderness

| O.C. SPRAY EXPOSURE? | YES / NO |
|---|---|
| DECONTAMINATED? | YES / NO |
| Self-decontamination instructions given? | YES / NO |
| Refused decontamination? | YES / NO |
| Q 15 min. checks | |
| Staff issued exposure packet? | YES / NO |

| RN NOTIFIED/TIME 1430 | PHYSICIAN NOTIFIED/TIME |
|---|---|
| RN Chukson | Refer to MD |

TIME/DISPOSITION

1550 RTH

| REPORT COMPLETED BY/TITLE (PRINT AND SIGN) | BADGE # | RDOs |
|---|---|---|
| L SM RN | 960391 | S. S |

*(Medical data is to be included in progress note or emergency care record filed in UHR)*

**CDCR 7219 (Rev. 11/05)**    DISTRIBUTION:    ORIGINAL - Custody    CANARY - Inmate/Employee    PINK - Health and Safety / RTW Coordinator (only work related injury)

Exhibit 9

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print):   (LAST NAME) | (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|
| Prado  Alejandro | | P 55426 | A. Prado |
| **HOUSING/BED NUMBER:** | **ASSIGNMENT:** | **HOURS FROM_____ TO____** | **TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.):** |
| B 10 119 | ----- | | Chief Medical Officer |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

On 10/9/13 I fell in the shower trying to get in storing

_____

METHOD OF DELIVERY (CHECK APPROPRIATE BOX )  **\*\*NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED \*\***

☐ SENT THROUGH MAIL: ADDRESSED TO:_____    DATE MAILED: ___/___/___

☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? |
|---|---|---|---|
| C/o C. Williams | 10-13-13 | C/o C. Williams | (CIRCLE ONE)    YES    NO |
| **IF FORWARDED – TO WHOM:** | | **DATE DELIVERED/MAILED:** | **METHOD OF DELIVERY:** |
| Chief Medical Officer | | 10-13-13 | (CIRCLE ONE)  IN PERSON   BY US MAIL  Institutional Mail |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL.  KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| | |

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE

CDCR 22 (10/09)

Exhibit 10

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print): (LAST NAME) | (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|
| _handwritten_ | _handwritten_ | _handwritten_ | _handwritten_ |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM _____ TO _____ | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| _handwritten_ | | ASU LIEUTENANT | |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

_handwritten text_

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **\*\*NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED \*\***

☐ SENT THROUGH MAIL: ADDRESSED TO:_____ DATE MAILED: ___/___/___

☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? |
|---|---|---|---|
| ELISABA | 10/15/13 | _signature_ | (CIRCLE ONE) YES NO |

| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: |
|---|---|---|
| | | (CIRCLE ONE) IN PERSON BY US MAIL |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

_handwritten text_

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| _signature_ | _handwritten_ |

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

Distribution: Original - Return to Inmate/Parolee; Canary - Inmate/Parolee's 2nd Copy; Pink - Staff Members Copy; Goldenrod - Inmate/Parolee's 1st Copy.

State of California                                                Department of Corrections and Rehabilitation

# Memorandum

Date:      October 18, 2013

To:        PRADO (P58009 10-119-L)
           California State Prison-Solano (CSP-SOL)

Subject:   SECOND LEVEL OF REVIEW RESPONSE LOG NO: CSP-S-13-02143

### ISSUE:

The appellant is housed in CSP-SOL ASU and on September 3, 2013, while stepping
down from the shower step to be placed in waist chains, the appellant's foot and cane
slipped, causing the appellant to fall in the shower. Appellant states that it is difficult for
him to use CSP-SOL ASU showers that are not medically/ADA equipped with a ramp or
proper equipment.

The appellant is requesting that at least one (1) Administrative Segregation Unit (ASU)
shower be modified to accommodate inmates that are part of the American Disability Act
(ADA) or that he be transferred to a Facility that is.

INTERVIEWED BY: Appellant was interviewed by Correctional Lieutenant D.
Blackwell on September 14, 2013, per Captain R. Mitchell at the First Level of Review
(FLR).

REGULATIONS: The California of Regulations (CCR) Title 15 governing rule(s) this issue:

**CCR § Section 3335 Administrative Segregation**
**Armstrong Remedial Plan (ARP)**

DISCUSSION:

On September 27, 2013, the appeal was denied at the FLR. FLR found, the appellant has a
cane, mobility vest, and shoes, requires waist chains and has a lower bottom bunk
accommodation. FLR noted that the appellant does not have a disability that impacts his
placement and the appellant is authorized the application of waist chains which allow him
the use of his cane. On September 3, 2013, the appellant did slip and fall in the shower. A
medical evaluation was performed and a CDC 7219 was completed indicating there were
no injuries however, the appellant did complain of pain. FLR found, ASU showers to be
appropriately equipped to accommodate the appellant based on his medical designation.

On October 3, 2013, appellant indicated dissatisfaction with the FLR and requested a
Second Level of Review (SLR) of the FLR decision. Appellant claims, that he is mobility
impaired (DNM), he is to have accessibility to areas/showers with flat surfaces and or
ramps to allow him access to, without having anything impede or block his way and at the
same time free from potential injury. Appellant asserts CSP-SOL is not in compliance with
ADA and he is being discriminated against due to his disability in that he is being subjected
to unsafe living conditions.

PRADO P58009
CASE NO.: 13-02143
PAGE 2

*Exhibit 12*

DECISION:

CSP-SOL does have accommodations/precautions in place to help prevent potential injury. All of the CSP-SOL ASU showers have an anti-skid/non-slip paint on the floors outside the showers (44" to 72" wide x 44" deep). Appellant's current accommodations, the use of waist chains rather than handcuffs and the use of a cane are in compliance with the appellant's latest CDCR 1845 Disability Placement Program Verification (DPPV), dated June 7, 2013.

Appellant's request to have at least one (1) CSP-SOL ASU shower modified to accommodate inmates' that are part of the ADA is **denied.** CSP-SOL is currently in compliance with the Armstrong Remedial Plan as a non-designated Institution housing inmates' whose disabilities do not impact placement. Appellants request to be transferred to an ADA facility is **granted.** On October 18, 2013, the appellant was re-evaluated by medical and it was determined appellant's disability has worsened and now impacts placement. The appellant now meets the criteria to be transferred to another Institution based on his mobility limitations. The appellant is designated DPO and will be referred for transfer to an appropriate Disability Placement Program (DPP) Designated Institution. Additionally, for CSP-SOL to meet his needs while awaiting transfer he will be housed in the CTC which is ADA compliant.

If dissatisfied with the SLR, this issue may be submitted to the Third Level of Review.

GARY SWARTHOUT
Warden
California State Prison-Solano

Exhibit 13

STATE OF CALIFORNIA
**DISABILITY PLACEMENT PROGRAM VERIFICATION (DPPV)**
CDC 1845 (Rev. 01/04)

DEPARTMENT OF CORRECTIONS
*CHECK ALL APPLICABLE BOXES*

**THIS FORM ONLY VERIFIES OR DISCONFIRMS CLAIMED PHYSICAL DISABILITIES LISTED IN SECTION B**

| INMATE NAME: | CDC NUMBER: | INSTITUTION: | HOUSING ASSIGNMENT: | DATE FORM INITIATED: |
|---|---|---|---|---|
| Prado, Alejandro | P58009 | SOL | 10-119L | 10.18.13 |

*Sections A - B to be completed by licensed medical staff.*

| SECTION A: REASON FOR INITIATION OF FORM | SECTION B: DISABILITY BEING EVALUATED |
|---|---|
| ☒ Inmate self-identifies to staff ☐ Third party evaluation request | ☐ Blind/Vision Impaired ☐ Speech Impaired |
| ☐ Observation by staff ☐ Medical documentation or Central File information | ☐ Deaf/Hearing Impaired ☒ Mobility Impaired |

*Sections C - G to be completed by a physician only.*

| SECTION C: PERMANENT DISABILITIES IMPACTING PLACEMENT | SECTION D: PERMANENT DISABILITIES *NOT* IMPACTING PLACEMENT |
|---|---|
| 1. ☐ FULL TIME WHEELCHAIR USER - DPW <br> Requires wheelchair accessible housing and path of travel. | 1. NO CORRESPONDING CATEGORY |
| 2. ☒ INTERMITTENT WHEELCHAIR USER - DPO <br> Requires lower bunk, wheelchair accessible path of travel and *does not require* wheelchair accessible cell. | 2. NO CORRESPONDING CATEGORY |
| 3. ☐ MOBILITY IMPAIRMENT - With or Without Assistive Device <br> (Wheelchairs shall not be prescribed) - DPM <br> Orthopedic, neurological or medical condition that substantially limits ambulation (cannot walk 100 yards on a level surface without pause). <br> Requires lower bunk, no triple bunk, and no stairs in path of travel. | 3. ☐ MOBILITY IMPAIRMENT (Lower Extremities) - DNM <br> Walks 100 yards without pause with or without assistive devices. <br> ☐ No Housing Restrictions ☐ See HOUSING RESTRICTIONS in Section E <br> ☐ Requires relatively level terrain and no obstructions in path of travel. **Do not place at:** CCI, CMC-E, CRC, CTF-C, FSP, SAC, SCC I or II, SOL, or SQ. (CDC 128-C:_____) |
| 4. ☐ DEAF/HEARING IMPAIRMENT - DPH <br> Must rely on written communication, lip reading or signing as residual hearing, with assistive devices, will not enable them to hear, understand or localize emergency warnings or public address announcements. | 4. ☐ HEARING IMPAIRMENT - DNH <br> With residual hearing at a functional level with hearing aid(s). |
| 5. ☐ BLIND/VISION IMPAIRMENT - DPV <br> Not correctable to central vision acuity of better than 20/200 with corrective lenses in at least one eye (See HOUSING RESTRICTIONS IN SECTION E). | 5. NO CORRESPONDING CATEGORY |
| 6. ☐ SPEECH IMPAIRMENT - DPS <br> Does not communicate effectively speaking or in writing. | 6. ☐ SPEECH IMPAIRMENT - DNS <br> Does not communicate effectively speaking, but does when writing. |

| SECTION E: ADDITIONAL MEDICAL INFORMATION |
|---|

**CSR ALERT:**
☒ Requires relatively level terrain and no obstructions in path of travel
☐ Complex medical needs affecting placement   ☐ CDC 128-C

**HEALTH CARE APPLIANCE / IDENTIFICATION VEST:**
☒ Cane ☐ Crutch ☐ Walker ☐ Leg/Arm prosthesis ☒ Vest
☐ Other: _____   ☐ CDC 128-C(s) dated: 10.18.13

**ASSISTANCE NEEDED WITH ACTIVITIES OF DAILY LIVING:**
☐ Feeding or Eating ☐ Bathing ☐ Grooming ☐ W/C transferring
☐ Toileting ☐ Other: _____ ☐ CDC 128-C(s) dated: _____

**OTHER DPP DESIGNATIONS:**
☐ NONE _____
CODE   DATED   CODE   DATED

**HOUSING RESTRICTIONS:** ☒ Lower bunk ☒ No stairs ☒ No triple bunk. CDC 128-C(s) dated: 10.18.13

| SECTION F: EXCLUSIONS |
|---|

☐ VERIFICATION OF CLAIMED DISABILITY NOT CONFIRMED: My physical examination or other objective data DOES NOT SUPPORT *claimed* disability. (Explain in Comments Section and CDC 128-C dated _____).

☐ REMOVAL FROM A DPP CODE: Removal from previous DPP code: _____ (Explain in Comments Section and CDC 128-C dated: _____.)

☐ REMOVAL FROM ENTIRE PROGRAM: Removal from DPP code(s): _____ (Explain in Comments Section and CDC 128-C dated: _____.)

| SECTION G: EFFECTIVE COMMUNICATION FACTORS |
|---|

☐ Uses Sign Language Interpreter (SLI) ☐ Reads Braille ☐ Communicates with written notes ☐ Requires large print or magnifier
☐ Reads lips ☒ NO "EFFECTIVE COMMUNICATION" ISSUES OBSERVED OR DOCUMENTED IN THE UNIT HEALTH RECORD

**PHYSICIAN'S COMMENTS:** *(Focus on affected systems and functional limitations. No specific diagnosis or other confidential medical information.)*
(R) foot injury renders patient unable to walk w/out cane
and requires intermittent WC use. Pt has strong stutter
while speaking

| PHYSICIAN'S NAME (Print) | PHYSICIAN'S SIGNATURE | DATE SIGNED |
|---|---|---|
| Daniel Ramos PA.C | D. Ramos PAC | 10.18.13 |
| HEALTH CARE MANAGER'S / DESIGNEE'S NAME (Print) | HEALTH CARE MANAGER'S / DESIGNEE'S SIGNATURE | DATE SIGNED |
| Ashley PLL ~ | | 10/21/13 |

**NOTE:** After review by the Health Care Manager or Chief Physician & Surgeon, health-care staff shall retain green copy for the UHR, send the inmate copy via institutional mail, and route the original and remaining copies to the C&PR/RC CC-III for tracking and further distribution according to the instructions below.

DISTRIBUTION: Original - Top General Chrono Section of C-File;   Green - Chrono Section, Unit Health Record   Canary - C&PR/CC-III;   Pink-CC-I;   Gold-Inmate

Exhibit 14

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

# HEALTH CARE SERVICES REQUEST FORM

DEPARTMENT OF CORRECTIONS

| PART I: TO BE COMPLETED BY THE PATIENT |
|---|
| *A fee of $5.00 may be charged to your trust account for each health care visit.* |
| **If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.** |

| REQUEST FOR: | MEDICAL ☐ | MENTAL HEALTH ☐ | DENTAL ☐ | MEDICATION REFILL ☐ |
|---|---|---|---|---|

| NAME | CDC NUMBER | HOUSING |
|---|---|---|
|  |  |  |

| PATIENT SIGNATURE | DATE |
|---|---|
|  |  |

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem)

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

| PART III: TO BE COMPLETED AFTER PATIENT'S APPOINTMENT |
|---|

☐ Visit is not exempt from $5.00 copayment. (Send pink copy to Inmate Trust Office.)

CDC 7362 (Rev. 03/04)    Original - Unit Health Record    Yellow - Inmate (if copayment applicable)    Pink - Inmate Trust Office (if copayment applicable)    Gold - Inmate

*Exhibit 15*

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# COMPREHENSIVE ACCOMMODATION CHRONO

**INSTRUCTIONS**: A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

## A. HOUSING

**None**

1. Barrier Free/Wheelchair Access  P / T _____
2. (circled) Ground Floor Cell  (P) T _____
3. Continuous Powered Generator  P / T _____

4. (circled) Bottom Bunk  (P) T _____
5. Single Cell (See 128-C date: _____ )  P / T _____
6. Permanent OHU / CTC (circle one)  P / T _____
7. Other _____  P / T _____

## B. MEDICAL EQUIPMENT/SUPPLIES

**None**

8. Limb Prosthesis  P / T _____
9. Brace  P / T _____
10. Crutches  P / T _____
11. (circled) Cane: (type) Single-pt wooden  (P) T _____
12. Walker  P / T _____
13. Dressing/Catheter/Colostomy Supplies  P / T _____
14. Shoe: (specify) _____  P / T _____
15. Dialysis Peritoneal  P / T _____

16. (circled) Wheelchair: (type) _____  P (T circled) 5/20/14
17. Contact Lens(es) & Supplies  P / T _____
18. Hearing Aid  P / T _____
19. (circled) Special Garment: (specify) Mobility Vest  (P) T _____
20. Rx. Glasses: _____  P / T _____
21. Cotton Bedding  P / T _____
22. Extra Mattress  P / T _____
23. (circled) Other  Waist chains  (P) T _____

## C. OTHER

(circled) **None**

~~24. Attendant to assist with meal access  P / T _____
and other movement inside the institution.~~

~~Attendant will not feed or lift the inmate/patient
or perform elements of personal hygiene.~~

~~25. Wheelchair Accessible Table  P / T _____~~

26. Therapeutic Diet: (specify)  P / T _____
27. Communication Assistance  P / T _____
~~28. Transport Vehicle with Lift  P / T _____~~
~~29. Short Beard  P / T _____~~
~~30. Other _____  P / T _____~~

## D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments?  ☒ Yes  ☐ No

If yes, specify: No standing or walking > 10 mins, No lifting
This chrono adds wheelchair to previous 7410

| INSTITUTION | COMPLETED BY (PRINT NAME) | TITLE |
|---|---|---|
| CSP-Sol | Ashley PHil , mo | CP?S |

| SIGNATURE | DATE | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
|---|---|---|
| _____ | 11/20/13 | Prado, Alejandro |
| HCM/CMO SIGNATURE  PCL | DATE  11/20/13 | P58009 |
| APPROVED (list the number of items approved) (2) (4) (11) (16) (19) (23) (8) | | 9/18/79 |
| DENIED (list the number of items denied) | | |

COMPREHENSIVE ACCOMMODATION

m-119L

STATE OF CALIFORNIA ~~DEPARTMENT OF CORRECTIONS~~ AND REHABILITATION
**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**
CDCR 22 (10/09)

Exhibit 16

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print): (LAST NAME) (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|
| Prado, Alejandro | P58009 | Alejandro Prado |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM _____ TO _____ | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| B 10-119 | | | CSP-SOLANO WARDEN |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

I AM BEING DENIED ACCESS TO THE COURTS A CONSTITUTIONAL RIGHT, BY NOT PROCESSING MY 602's AND OR RETURNING THEM BACK ON 9/25/13. I SUBMITTED A 602. BEING IN GENERAL POPULATION FOR 30 DAYS AND NEVER TOOKEN TO INITIAL ICC COMMITTEE TO BE CLASSIFIED VIOLATING ALL MY SAFE GUARDS! ON 10/14/13, I SUBMITTED A 602 ON MY SECOND SHOWER FALL, BOTH 602's WERE GIVEN TO CUSTODY STAFF TO BE PLACED IN 602 BOX WITH NO RESPONSE TO EITHER ONE. ON 11/11/13, I 602 ED THE UNANSWERED 602's SENDING IT TO APPEAL OFFICE BY U.S MAIL (LEGAL) WITH A TRUST ACCOUNT WITHDRAW. I HAVE YET TO RECEIVE A RESPONSE! I ASK THAT MY 602's BE PROCESSED AND STOP DENYING ME ADD ACCESS TO THE COURT. THIS CDCR 22 FORM IS BEING SENT THROUGH U.S MAIL (LEGAL)

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **\*\*NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED \*\***

☐ SENT THROUGH MAIL: ADDRESSED TO:_____ DATE MAILED: ___/___/___
☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? |
|---|---|---|---|
| ELISA A | 11/26/13 | Terju | (CIRCLE ONE) **YES** NO |

| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: |
|---|---|---|
| CLARK Appeals | 12/3/13 | (CIRCLE ONE) IN PERSON **BY US MAIL** INOF |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| N. Clark | 12/4/13 | N Clark | 12/4/13 |

Attached is a list of your appeals and
all SOL Appeals Office has received. you were
transferred to CSP-SOL on 6-20-13 and SOL Inmate
Appeals Office has received 10 (TEN) appeals from you.

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

This does not include MEDICAL APPEALS.

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

DISSATISFIED, AS APPEAL LOG REFLECT: 8 THAT I AM BEING DENIED ACCESS TO THE COURT. AS BOTH 602's MENTIONED WERE NEVER PROCE SSED IN SPITE OF OBSERVING SPECIAL STAFF PLACE THEM IN APPEAL BOX! WHERE I HAD TO SUBMIT ANOTHER 602 ON 10/14/13, UNANSW= ERE: SECOND SHOWER FALL AND ATTACHING A COPY OF THE ORIGINAL. SAID 602 WAS REJECTED THEN RECEIVED ON 12/03/13, AND RESUBMITTED ON SAME DAY, 8/ BANNAG PLACED IT IN APPEAL BOX. ALSO ON 11/20/13, I RESUBMITTED 602's CSP-S-13-02615.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| Alejandro Prado | 12/08/13 |

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

Distribution: Original - Return to Inmate/Parolee; Canary - Inmate/Parolee's 2nd Copy; Pink - Staff Members Copy; Goldenrod - Inmate/Parolee's 1st Copy.

Exhibit 17                     1810030

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)          **HEALTH CARE SERVICES REQUEST FORM**          DEPARTMENT OF CORRECTIONS

| **PART I:  TO BE COMPLETED BY THE PATIENT** |
|---|
| *A fee of $5.00 may be charged to your trust account for each health care visit.* |
| **If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.** |

**REQUEST FOR:**   MEDICAL ☑   MENTAL HEALTH ☐   DENTAL ☐   MEDICATION REFILL ☐

| NAME  Paul Alejandro | CDC NUMBER  P-55007 | HOUSING  B-16-119 |
|---|---|---|
| PATIENT SIGNATURE  *Alejandro Paulo* | | DATE  2/19/13 |

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem)   I HAVE FALLEN TWICE IN THE SHOWER IN AD/AD SEG.  IS THERE ANYTHING MEDICAL CAN DO TO ENSURE I DO NOT FALL AGAIN?

*NOTE:  IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

| **PART III:  TO BE COMPLETED AFTER PATIENT'S APPOINTMENT** |
|---|
| ☐ Visit is not exempt from $5.00 copayment.  (Send pink copy to Inmate Trust Office.) |

CDC 7362 (Rev. 03/04)    Original - Unit Health Record    Yellow - Inmate (if copayment applicable)    Pink - Inmate Trust Office (if copayment applicable)    Gold - Inmate

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

Exhibit 18

## THIRD LEVEL APPEAL DECISION

Date: **DEC 1 0 2013**

In re: Alejandro Prado, P58009
California State Prison, Solano
P.O. Box 4000
Vacaville, CA 95696-4000

TLR Case No.: 1305325        Local Log No.: SOL-13-02143

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner C. Hammond, Staff Services Manager I. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that on September 3, 2013, when he completed his shower and was about to be cuffed and returned to his cell, he slipped from the shower step, fell, and hurt his head, back, hip, and knee. He notes he was taken to medical in a wheelchair, received a CDCR Form 7219, Medical Report of Injury or Unusual Occurrence, and was returned to his cell. Now he is mobility impaired and needs a cane to support his right foot and leg to ambulate. He indicates it is difficult to use the shower in the Administrative Segregation Unit (ASU), as the unit is not medically or Americans with Disabilities Act (ADA) equipped to enable inmates with disabilities to step over the shower step. He indicates this is dangerous and a ramp or proper equipment is needed to prevent injury. The appellant requests: (1) To accommodate the California State Prison - Solano (SOL) ASU with disability equipment; or (2) Move him to a facility that is ADA compliant.

**II   SECOND LEVEL'S DECISION:** The reviewer found sufficient justification to partially grant the appeal at the Second Level of Review (SLR). The SLR noted the appeal was denied at the First Level of Review (FLR), as the appellant did not have a disability that impacts placement, and he had been authorized waist chain restraints to enable him to use a cane to assist with mobility. It was noted that on September 3, 2013, the appellant slipped and fell in the shower; however, medical examination found no injuries, except for a complaint of pain. The FLR determined the ASU showers are appropriate equipped to accommodate the appellant's current medical condition.

The appellant expressed disagreement with the determination made at the FLR and requested review at the SLR. The appellant noted he is mobility impaired and claimed he needs showers with flat surfaces or ramps to allow access without impediment to prevent further injury, due to unsafe living conditions. The appellant was informed the institution has accommodations and precautions in place to help prevent potential injury. All ASU showers have anti-skid/non-skid paint on the floor outside the showers, and the appellant's current accommodations; i.e., waist chains and use of a cane, are in compliance with his current CDC Form 1845, Disability Placement Program Verification (DPPV), dated June 7, 2013, in which he is designated as Mobility Impaired Not Impacting Placement (DNM).

The SLR noted that on October 18, 2013, medical staff re-evaluated the appellant and determined his condition had worsened and now impacts placement. He was issued a new CDC Form 1845, Disability Placement Program Verification (DPPV), with a designation of Intermittent Wheelchair User (DPO). He meets the criteria for transfer to another institution, based upon his mobility limitations, and he will be transferred to a Disability Placement Program (DPP) designated institution. The appellant's request for transfer to an ADA institution was granted and transfer is pending. The appeal was partially granted at the SLR.

**III   THIRD LEVEL DECISION:** Appeal is denied.

**A.   FINDINGS:** The Third Level of Review (TLR) finds the SLR was comprehensive and adequately addressed the appellant's issues on appeal. The documentation and arguments are credible and

ALEJANDRO PRADO, P58009
CASE NO. 1305325                                          Exhibit 19
PAGE 2

demonstrate that the appellant has not supported his allegations with sufficient facts or evidence to require modification of the response provided at the previous level of review.

The TLR acknowledges the appellant's statement in Section "F" of the appeal that he would be rehoused in the Correctional Treatment Center (CTC) until transfer. However, according to the amended response provided at the SLR, dated October 23, 2013, the appellant's condition had worsened and he no longer meets the criteria for placement at SOL. Therefore, he will be referred for transfer to a suitable DPP institution based upon his mobility needs. According to the Electronic Records Management System, on September 19, 2013, the appellant appeared before the ASU Institution Classification Committee (ICC) and was retained in the ASU due to ongoing safety and enemy concerns. According to his CDC 128-G, the appellant remains on Maximum custody; Work Group/Privilege Group "D-1/D," effective July 15, 2013; single cell housing pending transfer; and assignment of Sensitive Needs Yard-"S." ICC referred the case to the Classification Staff Representative (CSR) for a 90-day ASU extension, pending Departmental Review Board referral. The appellant agreed with the decision reached by ICC, and the committee indicated his ASU concerns will be continually monitored and he will return to committee upon any changes. On October 3, 2013, the CSR endorsed the appellant's 90-day ASU extension due to safety/enemy concerns and to protect the integrity of an ongoing investigation. According to the Strategic Offender Management System, the appellant remains housed in the SOL Facility "B" ASU.

Contact with the SOL Appeals Coordinator reflected that on November 20, 2013, the appellant received an updated CDC 1845 and 7410, as his previous chrono accommodations neglected to authorize the use of a wheelchair to assist with ambulation. The TLR notes the appellant's current DPO designation and use of a wheelchair, waist chains, and cane to assist with ambulation. If the appellant feels his current disability accommodations are insufficient, he may request an updated evaluation by medical staff to address his concerns.

On December 6, 2013, contact with M. Runnels, ADA Counselor, indicated that approximately one month ago, two handrails had been installed in the First Floor ASU shower, which is less than 50 feet from the appellant's cell. A bench and a shower chair were also placed in the shower to assist the appellant. Ms. Runnels stated the appellant walks to-and-from the shower under escort by two Correctional Officers and does not use his wheelchair to ambulate to the shower, as he can rely on the escorts for support into and out of the shower when necessary for stability. Prior to installation of the ADA accommodations, the appellant submitted a CDCR Form 22, Inmate/Parolee Request for Interview, Item or Service, claiming the shower was non-ADA compliant; however, since the modifications were provided, he has made no further complaints regarding showering.

An accommodation must be deemed medically necessary by the current medical staff in charge of the appellant's care. In accordance with the California Code of Regulations, Title 15, Section (CCR), 3350(b)(1), "Medically Necessary means health care services that are determined by the attending physician to be reasonable and necessary to protect life, prevent significant illness or disability, or alleviate severe pain, and are supported by health outcome data as being effective medical care." He may also seek disability assistance from the housing unit staff, and the request will be granted on a case-by-case basis, unless program demands prohibit approval.

In accordance with the Armstrong Remedial Plan (ARP) IV.H.4, Equally Effective Means, "A request for accommodation may be denied if equally effective access to a program, service, or activity may be afforded through an alternate method which is less costly or intrusive. Alternative methods, which may be less costly or intrusive to the existing operation/program, may be utilized to provide reasonable access in lieu of modifications requested by the inmate/parolee, so long as they are effective." As the appellant was provided accommodation that was equally effective and not as intrusive to the operation of the institution as the requested solution, the request was properly denied in this case.

Moreover, in accordance with the ARP II.H.3, Direct Threat, "A request for accommodation may be denied when it poses a direct threat of substantial harm to the health or safety of the inmate, parolee, or anyone else, including the public." As the institution has a direct responsibility for ensuring the health and safety of all inmates, the appellant's initial granting of CTC housing was appropriately amended to retain him in the ASU until transfer to ensure his safety.

ALEJANDRO PRADO, P58009
CASE NO. 1305325
PAGE 3

*Exhibit 20*

After consideration of the evidence and arguments herein, it has been determined that staff acted in accordance with policy and procedure and the dictates of the ARP in addressing the appellant's request, and no further accommodation is warranted at the TLR.

**B.   BASIS FOR THE DECISION:**
ARP: ARPI, ARPII.A, ARPII.B, ARPII.C, ARPII.E.1, ARPII.H.3, ARPII.H.4, ARPIV.B.1, ARPIV.B.2
CCR: 3085, 3335, 3350, 3350.1, 3354

**C.   ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

C. HAMMOND, Appeals Examiner
Office of Appeals

J. A. ZAMORA, Chief (A)
Office of Appeals

cc:     Warden, SOL
        Chief Executive Officer, SOL
        Appeals Coordinator, SOL
        Health Care Appeals Coordinator, SOL

Exhibit 21

OF CALIFORNIA
E/PAROLEE APPEAL
02 (REV 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

"EMERGENCY" PER 3084.9 (i)(6)
ONLY

Side 1

1311218

P58009

Institution/Parole Region:    Log #:

CSP-S-13-02810

FOR STAFF USE ONLY

Category:
10
ASU

ty appeal ... ...s and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material
e effect upo... your welfare and for which there is no other prescribed method of departmental review/remedy available.  See California Code of
ions, Title 15 (CCR) Section 3084.1.  You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar
the event that lead to the filing of this appeal.  If additional space is needed, only one CDCR Form 602-A will be accepted.  Refer to CCR 3084 for
guidance with the appeal process.  No reprisals will be taken for using the appeal process.

al is subject to rejection if one row of text per line is exceeded.          WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Last, First:          PRADO, ALEJANDRO

CDC Number:  P58009

Unit/Cell Number:  B 10-119

Assignment: ___

briefly the subject of your appeal (Example: damaged TV, job removal, etc.):
602's

NO. ...

xplain your issue (If you need more space, use Section A of the CDCR 602-A): I AM BEING DENIED BY
· SOLANO THE RIGHT TO APPEAL PER TITLE 15 3084.1. (a) UNDER ARTICLE 8. I HAVE SUB-
ED SEVERL 602'S, AND I HAVE YET TO RECEIVE A NOTICE OR A RESPONSE. SPECIFICALLY, ON
7-13, I SUBMITTED A 602 APPEALING 9-18-13, COMMITTEE ACTION! AND ON 10-14-13, I SUBMIT-
ction requested (If you need more space, use Section B of the CDCR 602-A): THAT MY 602'S BE PROCES-
AND AN INVESTIGATION BE CONDUCTED ON CSP-SOLANO STAFF MISCONDUCT!

RECEIVED
12-4-13

orting Documents: Refer to CCR 3084.3.
es, I have attached supporting documents.
upporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):
22 FORM, COPY OF 602 10/07/13 COMM-    CONDITION! AND CDC 7219
EE ACTION AND COPY OF 602 10/14/13

o, I have not attached any supporting documents. Reason : ___

e/Parolee Signature: Alejandro Prado          Date Submitted: 11/10/13
By placing my initials in this box, I waive my right to receive an interview.

st Level - Staff Use Only
ppeal has been:          Staff – Check One: Is CDCR 602-A Attached?  ☑Yes  ☐ No
passed at the First Level of Review. Go to Section E.  11-21-13
jected (See attached letter for instruction)  Date: ___  Date: ___  Date: ___  Date: ___
ncelled (See attached letter)  Date: ___
cepted at the First Level of Review.

BYPASS

signed to: ___          Title: ___  Assigned: ___  Date Due: ___
evel Responder: Complete a First Level response. Include Interview ... ...view date, location, and complete the section below.
Date of Interview: ___          Interview Location: ___
ppeal issue is:  ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: ___
See attached letter. If dissatisfied with First Level response, complete Section D.
ewer: ___ (Print Name)  Title: ___  Signature: ___  Date completed: ___
wer: ___ (Print Name)  Title: ___  Signature: ___
eceived by AC: ___

AC Use Only
Date mailed/delivered to appellant ___ / ___ / ___

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL
CDCR 602 (REV. 08/09)

Case 2:15-cv-01866-WBS-DB   Document 1   Filed 09/03/15   Page 43 of 90

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

**D. If you are dissatisfied with the First Level response**, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

Inmate/Parolee Signature: _____ Date Submitted : _____

**E. Second Level - Staff Use Only**                    Staff – Check One: Is CDCR 602-A Attached? ☒ Yes   ☐ No

This appeal has been:
☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)
☒ Accepted at the Second Level of Review

Assigned to: _APPEALS_ Title: _CGI_ Date Assigned: _1-3-14_ Date Due: _2-18-14_

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: _2-10-14_   Interview Location: _ASU_

Your appeal issue is: ☐ Granted   ☒ Granted in Part   ☐ Denied   ☐ Other: _____

See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: _N. Clark_ (Print Name)   Title: _CCII_   Signature: _____   Date completed _2-10-14_

Reviewer: _E. Arnold_ (Print Name)   Title: _COW_   Signature: _____

Date received by AC: _2-18-14_

AC Use Only
Date mailed/delivered to appellant _Feb 1 8 14_

**F. If you are dissatisfied with the Second Level response**, explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation. P.O. Box 942883. Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

I AM DISSATISFIED AT THE SECOND LEVEL. INSPITE OF GRANTING PART OF MY 602 TO PROCESSED MY 602. MY SEC-OND SHOWER FALL (10/10/13) HAS YET TO BE PROCESSED NOR AN EXPLANATION TO THE WHERE ABOUTS OF THE ORIGINAL SECOND SHOWER FALL 602 THAT I HANDED TO 90 FLETES TO SUBMITT TO THE APPEAL BOX ON 10/14/13, AND PICKED UP BY THE APPEAL PERSON AFTER RECEIVING NO NOTICE OF RECEIVING 602, SUBMITTING 82 FORM TO INQUIRE THE STATUS OF 602 WITH NO RESPONSE (SEE ATTACH) THUS, DENYING ME THE RIGHT TO GRIEVANCE AND ACCESS TO THE COURT!

Inmate/Parolee Signature: _____ Date Submitted: _3/04/14_

**G. Third Level - Staff Use Only**

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)   Date: _____
☒ Accepted at the Third Level of Review. Your appeal issue is ☐ Granted ☐ Granted in Part ☒ Denied ☐ Other: _____
See attached Third Level response.

Third Level Use Only
Date mailed/delivered to appellant _MAY 2 9 2014_

**H. Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because: State reason. (If withdrawal is conditional, list conditions.)

_____ Inmate/Parolee Signature: _____ Date: _____

Print Staff Name: _____ Title: _____ Signature: _____ Date: _____

Exhibit 22

ATE OF CALIFORNIA                                                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
MATE/PAROLEE APPEAL FORM ATTACHMENT
CR 602-A (08/09)                                                                                                                              Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | CSP·S·13.3810 | 10 |
| | | FOR STAFF USE ONLY | ASU |

tach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

peal is subject to rejection if one row of text per line is exceeded.             WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| me (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| PRADO, ALEJANDRO | P58009 | B 10-119 | — |

Continuation of CDCR 602, Section A only (Explain your issue): TELL AN EMERGENCY 602 ON CONDITIONS/

AFETY WHICH WHICH WAS SUPPOSE TO BE HEARD WITHIN 5 DAY. AND OR GIVEN A NOTICE WHY IT WAS REJECTED.

2 MADE AS A REGULAR 602 PER TITLE 15 3084.5 (b).2). 602 WAS GIVEN TO STAFF (C/O FLETE) TO BE

LACED IN THE 602 BOX BY THE ENTRANCE TO ENSURE APPEAL OFFICE RECEIVE IT. WHICH I OBSERVED HIM

0. TWICE I HAVE SUBMITTED A REQUEST FORM AND A 22 FORM INQUIRING OF SAID 602's WITH NO

ESULTS! THIS IS A BLATANT ACT OF MISCONDUCT BY CSP-SOLANO/APPEAL COORDINATOR BY THROWING

WAY OR DISREGARDING MY 602's

mate/Parolee Signature: Alejandro Prado _____ Date Submitted:
11/10/15

. Continuation of CDCR 602, Section B only (Action requested): _____

mate/Parolee Signature: _____ Date Submitted: _____

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (08/09)
DEPARTMENT OF CORRECTIONS AND REHABILITATION
Side 2

D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response):

Inmate/Parolee Signature: _____     Date Submitted: _____

F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):

Inmate/Parolee Signature: _____     Date Submitted: _____

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE
CDCR 22 (10/09)

Exhibit 23

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print): (LAST NAME) (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|
| PEACE HEDWIN O | P 61201 | |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM ___ TO ___ | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| B 12-119 | | | APPEAL OFFICE |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:
THIS IS MY SECOND REQUEST. I HAVE STARTED THINKING SINCE 6-2. I HAVE YET TO RECEIVE A RESPONSE ON ON 10-07-13 I SUBMITTED A 602 ON COMMITTEE'S ACTION AND ON 10-14-13 I SUBMITTED AN EMERGENCY 602 ON MY SECOND SHOWER FALL WHERE IT WAS GIVEN TO 4O FLETES AND HE PUT IT IN THE 602 BOX CAN I PLEASE GET CONFIRMATION ON THESE 602'S?

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **
☐ SENT THROUGH MAIL: ADDRESSED TO: _____ DATE MAILED: __/__/__
☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE) YES (NO) |
|---|---|---|---|
| P Fichtner | 11-4-13 | | |

| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: (CIRCLE ONE) IN PERSON BY US MAIL |
|---|---|---|

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|

## SECTION C: REQUEST FOR SUPERVISOR REVIEW
PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|

*Exhibit 24*

State of California
CDC FORM 695
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*November 21, 2013*

**PRADO, P58009**
*B 010 1119001L*

LEGAL, Processing of Appeals, 11/18/2013
Log Number: CSP-S-13-02810
(Note: Log numbers are assigned to all appeals for tracking purposes)

The enclosed documents are being returned to you for the following reasons:

*Be advised that pursuant to CCR 3084.5(b)(2), an appeal you submitted does not meet the criteria for processing as an emergency appeal.*

*YOUR 602 DATED 10/7/13 WAS RECEIVED IN THE SOLANO APPEALS OFFICE ON 10/9/13 AND IS CURRENTLY AT THE FLR (THE LOG # TO THIS APPEAL IS CSP-S-13-02446).*
*THE APPEALS OFFICE HAS NO RECORD OF RECEIVING YOUR 602 DATED 10/14/13. HOWEVER, SOLANO APPEALS OFFICE DID RECEIVE AN 1824 DATED 10/13/13 (LOG # CSP-S-13-02455) REGARDING YOUR REQUEST FOR AN ASU SHOWER TO BE MODIFIED TO ACCOMODATE YOUR MOBILITY IMPAIRMENT. IT IS CLEAR YOU HAVE SUBMITTED 602(s) AND 1824(s) REGARDING THE SAME ISSUE.*
*DO NOT SUBMIT DUPLICATE APPEALS.*

Appeals Coordinator
CSP-SOLANO

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.

Exhibit 25

Exhibit 25

**RECEIVED** 12-4-13

STATE OF CALIFORNIA
CDC-22 (9/92)

DEPARTMENT OF CORRECTIONS

# INMATE REQUEST FOR INTERVIEW

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| 12/03/13 | APPEAL OFFICE | PRADO, A | P58009 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER | FROM | TO |
|---|---|---|---|---|---|
| B·10 | 119 | | | | |

OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.)                  ASSIGNMENT HOURS     FROM            TO

**Clearly state your reason for requesting this interview.** You will be called in for interview in the near future if the matter cannot be handled by correspondence.

I REMOVED THE 602 THAT WAS FINALLY ADDRESSED MY SECOND SHOWER. BALL IS NOT A DUPLICATE! AND IT WAS HANDED C9 PLETES ON 10/14/13 AND HE PUT IT IN THE APPEAL BOX. I ASK THIS 602 BE PROCESSED

DO NOT WRITE BELOW THIS LINE

| INTERVIEWED BY | DATE |
|---|---|
| | |

DISPOSITION

Once again, the appeal office has no record of receiving your 602 dated 10-14-13. You may appeal a cancelled appeal within 30 days of its cancellation.

12-16-13

# Memorandum

*Exhibit 26*

Date:     January 3, 2014

To:       All Concerned
          California State Prison-Solano

Subject:  **DETERMINATION OF STAFF COMPLAINT REVIEW, LOG NO.: CSP-S-13-2810**

On December 26, 2013, in accordance with California Code of Regulations, Title 15, Section (CCR) 3084.9 (i) (1) procedures, the California State Prison-Solano Hiring Authority reviewed CDCR 602 Inmate/Parolee Appeal dated November 10, 2013, Log #CSP-S-13-2810, filed by Inmate **Prado P58009** and initially received in Appeals Office on November 18, 2013. The Hiring Authority determined that the CDCR 602 did not warrant categorization and processing as a staff complaint matter. Therefore, a confidential appeal inquiry is not warranted. The CDCR 602 will be further reviewed and processed as a legal appeal.

Any concerns regarding the aforementioned matter may be addressed to the undersigned.

N. Clark, CCII (Specialist)
Appeals Coordinator
California State Prison-Solano
Extension 3262

# **Memorandum**

Date:     February 11, 2014

To:       Prado (P58009)     10-119
          California State Prison-Solano

## Subject: **SECOND LEVEL APPEAL RESPONSE LOG NO: CSP-S- 13-2810**

### ISSUE:

Appellant claims he is being denied by CSP-SOL; the right to appeal. Appellant claims he has submitted several 602's yet, has not received a notice or a response. Appellant claims, on October 7, 2013, he submitted a 602 appealing September 18, 2013 committee and on October 14, 2013, he submitted an appeal regarding safety conditions. Appellant claims he has submitted a Form 22 inquiring of said 602's with no response. Appellant believes his 602's are being thrown away or disregarded b the SOL Appeals Coordinator.

Appellant requests that his 602's be processed and an investigation conducted on CSP-SOL staff misconduct.

INTERVIEWED BY:  N. Clark, Correctional Counselor II (Specialist), at the Second Level of Review (SLR).

REGULATIONS:  The rules governing this issue are:

**California Code of Regulations, Title 15, Section (CCR) 3084.1.  Right to Appeal.**

**CCR 3084.2. Appeal Preparation and Submittal.**

**CCR 3084.5. Screening and Managing Appeals.**

**CCR 3084.6. Rejection, Cancellation, and Withdrawal Criteria.**

### DISCUSSION:

On December 26, 2013, appellant's CDCR 602 was reviewed by the Institutional Hiring Authority in accordance with CCR 3084.9 (i) (1) staff complaint appeals processing procedures.  The Hiring authority determined that the CDCR 602 did not warrant categorization and processing as a staff complaint matter.  The CDCR 602 was categorized as a legal issue regarding the processing of appeals. On January 3, 2014, the CDCR 602 was assigned to the SLR for response.

On February 10, 2014, the appellant was interviewed by N. Clark, CCII Specialist.  It is noted appellant has a Departmental Test of Adult Basic Education (TABE) reading score of 8.6.  Appellant is a participant in the Mental Health Services Delivery System at the Correctional Clinical Case Management Systems Level of Care, is a participant in the Disability Placement Program- designated DPO and is a participant in the Developmental Disability Program- designated DD1.  Correctional Officer Fletes acted as a staff assistant

during the interview. In discussing the present appeal, the appellant confirmed that all his appeals are being addressed to his satisfaction except for his second shower fall appeal that he claims he submitted on October 14, 2013. Appellant stated "that" appeal not being addressed is his only issue. Appellant had no further information to add regarding his appeal contentions.

DECISION: The appeal is **partially granted**.

Appellant requests that his 602's be processed is **granted**. Every appeal the SOL Appeals Office has received from the appellant has been processed per policy. The SOL Appeals Office has processed fourteen (14) appeals from the appellant since his arrival to SOL on June 20, 2013. SLR cannot speak to an appeal that was not received in the SOL Appeals Office **(denied)**.

Appellant's request that an investigation be conducted on CSP-SOL staff misconduct is **partially granted**. On December 26, 2013, appellant's CDCR 602 was reviewed by the Institutional Hiring Authority in accordance with CCR 3084.9 (i) (1) staff complaint appeals processing procedures. SLR finds that SOL staff has followed the policies and procedures of the Department regarding the processing of appeals.

The appellant is advised that this appeal issue may be submitted for a Third Level of Review.

GARY SWARTHOUT
Warden
California State Prison-Solano

*Exhibit 29*

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

# ATTACHMENT

**IAB USE ONLY**

| Institution/Parole Region: | Log #: | Category: |
|---|---|---|
| CSPS-14-00632 | | 9 |

*FOR STAFF USE ONLY*   ASU

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations, Title 15, (CCR) Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

**Appeal is subject to rejection if one row of text per line is exceeded.**                **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Prado, Alejandro | P58009 | B 10-119 | |

**State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):**

Conditions

**A. Explain your issue (If you need more space, use Section A of the CDCR 602-A):** THIS 602 IS CONSIDERED AN EMERGECY PER TITLE 15 3084.9(U):(A) NOW CN 10/10/13. WHILE DURING SHOWER PROGRAM. I WAS PLACED IN THE SHOWER BY c/o MAHONEY AS I TRIED TO GET IN THE ACTUAL SHOWER AREA PLANING TO PLACE MY CANE AND RIGHT FOOT ON THE SHOWER STEP THEN PUSH OFF MY LEFT TO GET IN THE SHOWER BAUNG.

**B. Action requested (If you need more space, use Section B of the CDCR 602-A):** THAT CSP SOLANO BE ADA EQUIPPED AND I BE PROPERLY HOUSED EQUIPPED AND ACCORDANCE TO MY DISABILITY.

**Supporting Documents: Refer to CCR 3084.3.**

☒ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

☐ No, I have not attached any supporting documents. Reason :

**Inmate/Parolee Signature:** _____   **Date Submitted:** 10/14/13

☐ **By placing my initials in this box, I waive my right to receive an interview.**

---

**RECEIVED**

**MAR 04 2014**

**CSR - SOLANO**
**APPEALS OFFICE**

---

**C. First Level - Staff Use Only**                **Staff – Check One: Is CDCR 602-A Attached?** ☐ Yes  ☐ No

This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☒ Cancelled (See attached letter) Date: 3-14-14
☐ Accepted at the First Level of Review.

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____ Interview Location: _____

Your appeal issue is: ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____

See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ (Print Name)   Title: _____ Signature: _____ Date completed: _____

Reviewer: _____ (Print Name)   Title: _____ Signature: _____

Date received by AC: _____

| | **AC Use Only** |
|---|---|
| | **Date mailed/delivered to appellant** ____ / ____ / ____ |

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)                                                                                                                  **Side 2**

---

**D. If you are dissatisfied with the First Level response**, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

Inmate/Parolee Signature: _____          _____  **Date Submitted :** _____

---

**E. Second Level - Staff Use Only**                                    Staff – Check One: Is CDCR 602-A Attached?   ☐ Yes   ☐ No

This appeal has been:

☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Second Level of Review

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: _____          Interview Location: _____

Your appeal issue is:   ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____

See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: _____ (Print Name)   Title: _____ Signature: _____ Date completed : _____

Reviewer: _____ (Print Name)   Title: _____ Signature: _____

Date received by AC: _____

**AC Use Only**
Date mailed/delivered to appellant ___ / ___ / ___

---

**F. If you are dissatisfied with the Second Level response,** explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

Inmate/Parolee Signature: _____          _____  **Date Submitted:** _____

---

**G. Third Level - Staff Use Only**

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)   Date: _____
☐ Accepted at the Third Level of Review. Your appeal issue is ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____
See attached Third Level response.

**Third Level Use Only**
Date mailed/delivered to appellant ___ / ___ / ___

---

**H. Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____ Inmate/Parolee Signature: _____ Date: _____

Print Staff Name: _____ Title: _____ Signature: _____ Date: _____

Exhibit 30

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side I

ATTACHMENT

| FOR USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | | |

*FOR STAFF USE ONLY*

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.

WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Prado, Alejandro | F58009 | B 15-119 | RECEIVED |

**A. Continuation of CDCR 602, Section A only (Explain your issue):** ALL MY WEIGHT ON MY RIGHT AND CAME THUS MY FOOT GOING OUT FROM UNDER ME SLIPPING AND FALLING HURTING MY HEAD, UPPER BACK AND LOWER BACK A MEDICAL CODE WAS CALLED WHILE I WAS THEN TAKEN TO CTC, (SO MAHONEY WITNESSED SAID FALL) THIS IS THE SECOND TIME I HAVE FALLEN IN THE SHOWER ' DUE TO CSP-SOLANO' SHOWER NOT BEING ADA EQUIPPED; MAKING IT DANGEROUS AND UNSAFE FOR A PERSON AS MYSELF WITH LOWER EXTREMITIES MOBILITY IMPAIRMENT TO USE A SHOWER WITHOUT A FLAT SURFACE OR RAMP TO HAVE ACCESS TO THE SHOWER. I AM CURRENTLY HAVING TO STEP OVER A TWO TO THREE FOOT HIGH STEP IN ORDER TO HAVE ACCESS TO THE SHOWER. CSP-SOLANO, IS DISCRIMINATING AGAINST ME DUE TO MY DISABILITY, WHILE AT THE SAME TIME ENDANGERING MY LIFE BY SUBJECTING ME TO UNSAFE CONDITIONS!!

MAR 0 4 2014

CSP - SOLANO
APPEALS OFFICE

**Inmate/Parolee Signature:** _____   **Date Submitted:**
10/14/13

**B. Continuation of CDCR 602, Section B only (Action requested):** _____

**Inmate/Parolee Signature:** _____   **Date Submitted:** _____

**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (08/09)                                                                                      **Side 2**

---

**D. Continuation of CDCR 602,  Section D only (Dissatisfied with First Level response):** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Inmate/Parolee Signature:** _____  **Date Submitted:** _____

---

**F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Inmate/Parolee Signature:** _____  **Date Submitted:** _____

Exhibit 31

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION

## MEDICAL REPORT OF INJURY
## OR UNUSUAL OCCURRENCE

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT *(circle)* | | ON THE JOB INJURY | DATE |
|---|---|---|---|---|---|
| | | INJURY<br>USE OF FORCE   UNUSUAL OCCURRENCE | | PRE AD.SEG ADMISSION | 10/10/13 |

| | NAME | LAST | FIRST | CDC NUMBER | HOUSING LOC. | NEW HOUSING LOC. |
|---|---|---|---|---|---|---|
| THIS SECTION FOR INMATE ONLY | | Prado | Alejandro | P58009 | | |
| THIS SECTION FOR STAFF ONLY | NAME | LAST | FIRST | BADGE # | RANK/CLASS | ASSIGNMENT RDOs |
| THIS SECTION FOR VISITOR ONLY | NAME | LAST | FIRST   MIDDLE | | DOB | OCCUPATION |
| | HOME ADDRESS | | CITY | STATE | ZIP | HOME PHONE |

| PLACE OF OCCURRENCE | DATE/TIME OF OCCURRENCE | NAME OF WITNESS(ES) | | | |
|---|---|---|---|---|---|
| Ad-seg shower | 10/10/13   1440 | | | | |
| TIME NOTIFIED | TIME SEEN | ESCORTED BY | MODE OF ARRIVAL *(circle)* | AGE | RACE | SEX |
| 1457 | | C. O | LITTER  WHEELCHAIR<br>AMBULATORY   ON SITE | 34 | Mex | M |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

fell down in the shower. hit the up Isacic and tailbone

| INJURIES FOUND? | YES / NO |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | 11 |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | 16 |
| Other | 17 |
| | 18 |
| | 19 |

tender ness

tenderness

O.C. SPRAY EXPOSURE?   YES / NO

DECONTAMINATED?   YES / NO

Self-decontamination instructions given?   YES / NO

Refused decontamination?   YES / NO

Q 15 min. checks

Staff issued exposure packet?   YES / NO

| RN NOTIFIED/TIME 1430 | PHYSICIAN NOTIFIED/TIME |
|---|---|
| RN Chukson | Refer to MD |

TIME/DISPOSITION

1550   RTH

| REPORT COMPLETED BY/TITLE   (PRINT AND SIGN) | BADGE # | RDOs |
|---|---|---|
| L ken   RN | 296039 | S. S |

*(Medical data is to be included in progress note or emergency care record filed in UHR)*

**CDCR 7219 (Rev. 11/05)**   DISTRIBUTION:   ORIGINAL - Custody   CANARY - Inmate/Employee   PINK - Health and Safety / RTW Coordinator (only work related injury)

Case 2:15-cv-01866-WBS-DB   Document 1   Filed 09/03/15   Page 57 of 90

Exhibit 32

DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## THIRD LEVEL APPEAL DECISION

Date: MAY 2 9 2014

In re: Alejandro Prado, P58009
California Medical Facility
P.O. Box 2000
Vacaville, CA 95696

TLR Case No.: 1311218          Local Log No.: SOL-13-02810

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner K. J. Allen. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that he has been adversely affected by the actions of the Appeals Coordinator at the California State Prison - Solano (SOL). The appellant states that he has been denied the right to appeal by appeals staff. The appellant states that he has submitted several appeals, which have not been responded to or addressed. The appellant adds that he has submitted CDCR Forms 22, Inmate/Parolee Request for Interview, Item, or Service to request about the location of his submitted appeals, which were also not addressed. The appellant believes that his submitted appeals are being thrown away or disregarded by the Appeals Coordinator. The appellant requests that his submitted CDC Forms 602, Inmate/Parolee Appeal Form be processed and that an investigation be conducted into his claims.

**II   SECOND LEVEL'S DECISION:** The reviewer found that an appeal inquiry was conducted into the appellant's complaint pursuant to departmental policy. The appeal matter was reviewed by the institutional hiring authority in accordance with departmental policy. A determination was made that the appeal did not warrant processing as a staff complaint matter.

The reviewer noted that the appellant's request for his submitted appeal to be processed was granted at the Second Level of Review (SLR). The reviewer noted that every submitted appeal at SOL received from the appellant has been processed pursuant to CDCR rules and regulations. The reviewer noted that the SOL Appeals Office has processed 14 appeals from the appellant since his arrival at the institution on June 20, 2013. However, the reviewer could not address any appeal that was not received at the SOL Appeals Office. In that the appeal was reviewed by the hiring authority and an appeal interview was conducted, the appeal was partially granted at the SLR.

**III   THIRD LEVEL DECISION:** Appeal is denied.

**A.   FINDINGS:** Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and properly evaluated by administrative staff at SOL. An appeal inquiry was conducted by Correctional Counselor II Clark, and the appeal matter was reviewed by the institutional hiring authority. The Appeals Examiner concurs with the institution in that the appellant did not provide evidence to support his claims of staff misconduct. Despite the appellant's dissatisfaction, this review finds no evidence of a violation of existing policy or regulation by the institution based upon the arguments and evidence presented.

The Department does have a procedure in place for processing appeal allegations of staff misconduct. However, the procedure does not allow for inmates to decide what appeals are processed as staff complaint issues. It is the institution's hiring authority who determines whether an appeal should be processed as a staff complaint issue. The appeal inquiry determined that the actions of staff were consistent with departmental rules and regulations.

ALEJANDRO PRADO, P58009
CASE NO. 1311218
PAGE 2

The SOL Appeals Office responded to 14 appeals submitted by the appellant and thousands of appeals from other inmates in 2013, and the appellant has failed to provide any information or reasonable rationale as to why staff would not respond to some of his submitted appeals. The appellant has failed to provide any new or compelling information that would warrant a modification of the decision reached by the institution and/or the hiring authority. Relief in this matter at the Third Level of Review is unwarranted.

**B. BASIS FOR THE DECISION:**
California Penal Code Section: 5058
California Code of Regulations, Title 15, Section: 3001, 3004, 3084.1, 3084.2, 3084.5, 3084.6, 3380

**C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

K. J. ALLEN, Appeals Examiner
Office of Appeals

J. A. ZAMORA, Chief (A)
Office of Appeals

cc:   Warden, SOL
      Appeals Coordinator, SOL

**REASONABLE MODIFICATION OR ACCOMMODATION REQUEST**
CDCR 1824 (Rev. 10/06)

Page 2 of 2

## REVIEWER'S ACTION

**TYPE OF ADA ISSUE**

DATE ASSIGNED TO REVIEWER: 12-24-13
DATE DUE: 1.15.14

☐ PROGRAM, SERVICE, OR ACTIVITY ACCESS (Not requiring structural modification)

☐ Auxiliary Aid or Device Requested

☐ Other_____

☐ PHYSICAL ACCESS (requiring structural modification)

**DISCUSSION OF FINDINGS:** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

DATE INMATE/PAROLEE WAS INTERVIEWED                PERSON WHO CONDUCTED INTERVIEW

**DISPOSITION**

☐ GRANTED          ☐ DENIED          ☒ PARTIALLY GRANTED

**BASIS OF DECISION:** _____

see attached FLR dated 12-24-13.

_____

_____

_____

_____

**NOTE:** *If disposition is based upon information provided by other staff or other resources, specify the resource and the information provided. If the request is granted, specify the process by which the modification or accommodation will be provided, with time frames if appropriate.*

DISPOSITION RENDERED BY (NAME)          TITLE          INSTITUTION/FACILITY
G. Matheson                              AW              SoL / FAC B

**APPROVAL**

ASSOCIATE WARDEN'S SIGNATURE          A.W.          DATE SIGNED 1/6/14

DATE RETURNED TO INMATE/PAROLEE
JAN 13-14

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**

CDCR 22 (10/09)

Exhibit 35

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print): (LAST NAME) (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|
| Prado Alejandro | P58009 | Alejandro Prado |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM ____ TO ____ | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| B 10 119 | — | | UNSAFE SHOWERS |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

I CONTINUE TO BE PLACED IN UNSAFE SHOWERS EACH TIME I GO TO THE SHOWER I FEAR FOR MY WELL BEING AND SAFETY DUE TO ~~[illegible]~~ INADEQUATE SHOWERS FOR SOMEONE OF MY CONDITIONS.

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **

☐ SENT THROUGH MAIL: ADDRESSED TO: ______ DATE MAILED: ___/___/___

☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE) YES NO |
|---|---|---|---|
| [illegible] | 12/19/13 | [illegible signature] | |

| IF FORWARDED - TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: (CIRCLE ONE) IN PERSON BY US MAIL |
|---|---|---|
| D. McLand | 12/27/13 | |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| Dr. McLand | 12/31/13 | D McLand | 12/31/13 |

[illegible] ... THE SHOWER ... DOES NOT HAVE ... WITH FLAT FLOOR. CDCR DEPARTMENT REVIEW BOARD IS EVALUATING YOUR CASE FOR YOUR MEDICAL CONCERNS AND POSSIBLE TRANSFER TO ALTERNATIVE INSTITUTION.

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

I [illegible] MONTHS [illegible] TO WAIT FOR DRB [illegible]. I CONTINUE TO BE PLACED IN [illegible] SHOWERS [illegible] FOR MY CONDITION [illegible] I JUST WANT TO BE PLACED IN A [illegible] I AM NOT AFRAID OF FALLING.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| [illegible signature] | 1/2/14 |

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

Distribution: Original - Return to Inmate/Parolee; Canary - Inmate/Parolee's 2nd Copy; Pink - Staff Members Copy; Goldenrod - Inmate/Parolee's 1st Copy.

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print): (LAST NAME) | (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|
| | | | |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM _____ TO _____ | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| | | | |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

_____

_____

_____

_____

_____

METHOD OF DELIVERY (CHECK APPROPRIATE BOX ) **\*\*NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED \*\***

☐ SENT THROUGH MAIL: ADDRESSED TO:_____ DATE MAILED: ___/___/___

☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE) YES NO |
|---|---|---|---|
| | | | |

| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: (CIRCLE ONE) IN PERSON BY US MAIL |
|---|---|---|

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

_____

_____

_____

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| | |

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

Distribution: Original - Return to Inmate/Parolee; Canary - Inmate/Parolee's 2nd Copy; Pink - Staff Members Copy; Goldenrod - Inmate/Parolee's 1st Copy.

## MODIFICATION ORDER

December 24, 2013

APPEALS

**INMATE COPY**

RE: PRADO, P58009
    B 010 1119001L
    CSP-S-13-03034
    ADA

Please be informed that as a result of a Level 1 Decision, the above referenced appeal has been
. Please complete this modification order to comply with the decision.

DUE DATE: 12/27/2013

OTHER

INTERVIEW INMATE PRADO FOR CLARIFICATION OF ADA ISSUES AND IF HE
HAS ANY EMERGENCY ISSUES.

The modification was completed in the following manner:

Inmate Prado was interviewed on 12·24·13
and he does not have any emergency
issues. He is able to access all programs
and services. He's in ASU and hes able to
access the shower.

(You must attach a copy of any documents proving compliance, such as CDC Form 128-G,
Classification Chrono; CDC Form 128-C, Medical Chrono; CDC Form 115, Rules Violation
Report, etc.)

Certified as completed by:

V. Estrella

Name (Signed)

C. Estrella

Name (Printed)

CC II

Title

12·24·13

Date

SOL

Location

# Memorandum

$Exhibit\ 38$

Date:       December 24, 2013

To:         Prado P58009

Subject     **RESPONSE TO APPEAL LOG # CSP-S-13-03034**

### ISSUE:

This is in response to appellant's First Level Appeal, Log # CSP-S-13-03034, received December 23, 2013. In the appeal, the appellant is alleging that CSP-Solano is failing to acknowledge his Americans with Disability Act (ADA) medical conditions. The appellant states he has fallen twice in the shower which he states is not ADA compliant. The appellant also states he appealed this issue previously and was informed he would be properly housed due to his medical condition; however, he continues to be housed at CSP-Solano.

Appellant is requesting that his ADA medical condition be acknowledged and that he be properly housed.

**INTERVIEWED BY**: J. Jimenez, Correctional Lieutenant (Lt.)

A review of the appellant's Central File (C-File) and Disability and Effective Communication System (DECS) reflects a Test of Adult Basic Education (TABE) score of 8.6 and Disability Impacting Placement code of DPO (part-time wheelchair user). Appellant was interviewed on December 24, 2013 regarding his CDC 1824 Reasonable Modification or Accommodation-Request Log # CSP-S-13-03034 filed on December 15, 2013. The appellant stated he is still not being accommodated for his ADA mobility condition in the shower. The appellant also stated the shower handles that were installed "to help him from falling don't help." The appellant states the issue is the step entering and exiting the shower that is causing him to fall.

The DECS review also indicated the appellant is on the current ADA mobility report list with a note stating "no stairs in the path of travel."

### DISCUSSION:

The result of the inquiry revealed the appellant is currently on ADA status under Mobility designated DPO. Building 10 Administrative Segregation Unit (ASU) along with all other Level 3 housing has no showers without steps. The only showers that can accommodate the appellant's medical needs would be on Level II. However, due to the appellant's current housing status (Maximum) he is unable to be housed in a Level II setting here at CSP-Solano.

The appellant is currently housed in Administrative Segregation pending Departmental Review Board (DRB) review of his case factors for appropriate housing. Upon completion of the DRB review the appropriate housing will be determined and the appellant will be transferred to a Disability Placement Program if necessary. Accommodations provided to the appellant are grab bars in the shower, a

walker to assist in stepping into and out of the shower.  Also staff are available to assist the appellant as needed.

**<u>DECISION</u>: Partially Granted**

Based on the foregoing, appellant's appeal is **Partially Granted.**  CSP-Solano has provided interim accommodations in the form of grab bars, a walker and available staff to assist the appellant when entering and exiting the shower.  CSP-Solano has noted the appellant's concerns regarding the step needed to enter and exit the shower and addressed the issue as mentioned above.

Appropriate housing accommodations based on the appellant's case factors and designated ADA status will be determined at the conclusion of the DRB review.  CSP-Solano will continue to monitor and address additional accommodations as determined by the medical department.

G. MATTESON
Associate Warden
Level III Operations & Case Records
California State Prison-Solano

*Exhibit 40*

Version 4.1.4

Summary    Bed Inventory    ADA/EC History

Generate Reports / Get Help / Report a Problem / Log Ou

CDC # :  P58009        [ Search ]            CDC Number: P58009, PRADO, ALEJANDRO

## Summary

### Offender/Placement

| | |
|---|---|
| CDC #: | **P58009** |
| Name: | **PRADO, ALEJANDRO** |
| Institution: | **California State Prison, Solano** |
| Bed Code: | **B 010 1119001L** |
| Placement Score: | **36** |
| Custody Level: | **Maximum** |
| Placement Factor: | **ASU** |
| Housing Restrictions: | **Lower/Bottom Bunk, No Stairs in the Path of Travel, No Triple Bunk** |
| Physical Limitations: | **No Lifting more than 10 Pounds, No Prolonged Standing (not longer than 10 minutes every x minutes), No Prolonged Walking (not longer than 10 minutes every x minutes), Requires Waist Chains, PERMANENT 10-20-2014 Months** |

### Disability/Assistance

| | |
|---|---|
| DDP Code: | **NDD** |
| Effective Date: | **09/30/2013** |
| DPP Codes: | **DPO** [History] |
| 1845 Date: | **10/21/2013** |
| MHSDS Code: | **CCCMS** |
| SLI: | **No** |
| Primary Method: | **None** |
| Alternate Method: | **None** |
| Learning Disability: | |
| TABE Score: | **8.6** |
| TABE Date: | **08/07/2008** |
| Healthcare Appliances: | **Cane, Mobility Vest**  [Info] |
| Dialysis: | **No** |
| Last Accomm: | |
| Spoken Languages: | |

### Important Dates

| | |
|---|---|
| Pending Revocation: | **No** |
| Revocation Date: | |
| Date Received in CDCR: | **10/21/1999** |
| Last Return Date: | |
| Extended Stay Date: | **12/20/1999** |
| Extended Stay Privileges? | |
| Release Date: | **01/25/9999** |
| 120 Day Date: | **09/27/9998** |
| Next IDST Date: | |

### Work/Vocation/PIA

**1**

| | |
|---|---|
| Group Priv: | |
| Group Work: | |
| Start Date: | |
| Status: | |
| Job Position: | |
| Job Title: | |
| IWTIP Code: | |
| IWTIP Description: | |
| Regular Day Off: | |
| Work Hours: | |

### Accommodation History

No Accommodation Records Found.

### 3. QUALIFIED INTERPRETERS

A qualified sign language interpreter includes a person adept at American Sign Language. To qualify as an ASL interpreter, an individual must pass a test and qualify in one of the five categories established by the National Association for the Deaf (NAD), one of the three categories established by the Registry of Interpreters for the Deaf (RID), or as a Support Services Assistant Interpreter from the California Department of Rehabilitation.

Staff who are able to interpret effectively, accurately and impartially, both receptively and expressively, using any necessary specialized vocabulary may be utilized as an interpreter, in the event a qualified sign language interpreter/ASL interpreter is not reasonably available, or is waived by the inmate.

Each institution (designated DPP, nondesignated DPP, and reception center) and Parole Region is to establish a contract or service agreement with a local signing interpreter service organization in order to provide interpretive services for hearing impaired inmates during due process functions and medical consultations.

### F.  REASONABLE ACCOMMODATION/MODIFICATION

The Department shall provide reasonable accommodations or modifications for known physical or mental disabilities of qualified inmates/parolees. The Department shall consider, on a case-by-case basis, accommodations for inmates/parolees with impairments that are temporary in nature. Examples of reasonable accommodations include special equipment (such as readers, sound amplification devices, or Braille materials), inmate or staff assistance, bilingual or qualified sign language interpreters, modifying work or program schedules, or grab bars installed for mobility impaired inmates who require such (including mobility impaired inmates whose disability does not impact placement).

### G.  EQUAL ACCESS

Accommodations shall be made to afford equal access to the court, to legal representation, and to health care services, for inmates/parolees with disabilities, e.g., vision, speech, hearing, and learning disabled.

Accommodations may include but are not limited to access to magnifiers, electronic readers, and sound amplification devices.

To assist in accommodating an inmate's equal access to the court, the institutions shall provide a letter to the court identifying the nature and severity of the inmate's disability and limitation(s), including a brief description of the inmate's request for accommodation by the court.

---

Exhibit 42

❖    **Valley State Prison for Women**  All inmates who arrive at VSPW's RC
preliminarily identified as mobility impaired nonwheelchair, as defined in
Section II, C, 1, b), hearing, vision, or speech impaired, the severity of which
impacts placement, shall be transferred within seven days to CCWF's RC for
processing. The VSPW's RC is designated with a wheelchair-only mission, as
defined in Section II, C, 1, a).

All RC's, however, will have sufficient accessible beds to accommodate disabled
inmates awaiting transfer to a DPP RC.

Generally, inmates with disabilities shall be processed out of RC's in a timely manner,
no more than 60 days from the date they are received by the Department, unless
detained by factors not attributable to the Department's delay; e.g., medical necessity,
court appearances, disciplinary proceedings, no documented in-level bed availability
systemwide, etc.

*A.*    ADJUSTMENTS DUE TO EXTENDED RECEPTION CENTER STAY

Inmates with disabilities will be processed out of RC's in a timely manner, in no
more than 60 days from the date they are received by the Department, unless
detained due to factors not attributable to the Department's delay; e.g., medical
necessity, court appearance, disciplinary proceedings, no documented in-level bed
availability systemwide, etc. Any period of time beyond the initial 60 days of a
disabled inmate's stay at an RC shall be referred to as the inmate's extended stay.

If a disabled inmate remains at a RC for more than 60 days, a presumption arises
that the extended stay is solely due to the inmate's disability. To overcome this
presumption, CDC must demonstrate that the inmate's transfer out of the RC was at
no time delayed solely due to the inmate's disability. In this case, CDC need not
accommodate the inmate for the extended stay. Alternatively, CDC may
demonstrate that the cumulative period of all disability-related delays was shorter
than the inmate's extended stay, in which case CDC need only accommodate the
inmate for the cumulative period of disability-related delays.

Verification that the inmate's extended stay in the RC was not due to the disability
may be demonstrated by documentation reflecting that the inmate's disability does
not impact placement, i.e., CDC Forms 1845 (Section D), 128C, or 128G. This
provision does not apply to inmates undergoing dialysis treatment.

When it comes to CDC's attention that a disabled inmate's RC stay has been
extended beyond 60 days solely due to the inmate's disability that impacts
placement (Section C inmates) or the inmate's undergoing dialysis treatment, CDC
shall accommodate the inmate as described below. The below provisions for an
extended RC stay are only available to inmates whose disability impacts placement
and those who are undergoing dialysis treatment. Qualifying inmates may file a
CDC Form 1824, Reasonable Accommodation or Modification Request, to request
accommodation for an extended stay.

STATE OF CALIFORNIA
GA-2. (9/92)

# INMATE REQUEST FOR INTERVIEW

$Exhibit\ 43$

DEPARTMENT OF CORRECTION

| DATE | TO | FROM (LAST NAME) | | CDC NUMBER |
|---|---|---|---|---|
| 2/26/14 | Appeal Office | Prado, Alejandro | | P58009 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER | |
|---|---|---|---|---|
| B 10 | 119 | | FROM | TO |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC ) | ASSIGNMENT HOURS | |
|---|---|---|
| | FROM | TO |

### Clearly state your reason for requesting this interview.

You will be called in for interview in the near future if the matter cannot be handled by correspondence.

I AM SUBMITTING MY SECOND SHOWER FAIL WHICH WAS LOST AFTER IT WAS PLACED IN

THE APPEAL BOX AND IN ACCORDING TO 602 CSP-S-13-2810

| Do NOT write below this line. If more space is required, write on back. | |
|---|---|
| INTERVIEWED BY | DATE |
| DISPOSITION | |

$Exhibit$ 43

STATE OF CALIFORNIA
GA-22 (9/92)

# INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTION'

| DATE | TO | FROM (LAST NAME) | | CDC NUMBER |
|------|-----|------------------|---|------------|
| 2/20/14 | Appeal Office | Frank, Alejandro | | P58009 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER | |
|---------|-----------|------------------|------------|---|
| B 10 | 115 | | FROM | TO |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | ASSIGNMENT HOURS | |
|------------------------------------------|------------------|---|
| | FROM | TO |

## Clearly state your reason for requesting this interview.

You will be called in for interview in the near future if the matter cannot be handled by correspondence.

I AM SUBMITTING MY SECOND SHOWER FALL WHICH WAS LOST AFTER IT WAS PLACED IN

THE APPEAL BOX AND IN ACCORDING TO GOD CSP-C-12-2810

**Do NOT write below this line. If more space is required, write on back.**

| INTERVIEWED BY | DATE |
|----------------|------|
| | |

DISPOSITION

STATE OF CALIFORNIA
**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**
CDCR 22 (10/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

*Exhibit 44*

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print): (LAST NAME) (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM _____ TO _____ | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

_I continue to fall/slip in unsafe shower while the uneven ground cause it difficult to balance myself and keep my feet under me. I have had numerous near fall. Can the shower not have safe _____ for _____._

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **\*\*NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED \*\***

☐ SENT THROUGH MAIL: ADDRESSED TO:_____ DATE MAILED: ___/___/___

☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: R STEVENSON | DATE: 2/27/14 | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE) YES NO |
|---|---|---|---|

| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: (CIRCLE ONE) IN PERSON BY US MAIL |
|---|---|---|

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: 3/17/14 | SIGNATURE: | DATE RETURNED: 3/17/14 |
|---|---|---|---|

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

_I disagree with staff response. Where my disability accommodation are not being meet. Continuously placing me in showers without flat surface and impacting access to the shower._

| SIGNATURE: | DATE SUBMITTED: 2/27/14 |
|---|---|

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|

Distribution: Original - Return to Inmate/Parolee; Canary - Inmate/Parolee's 2nd Copy; Pink - Staff Members Copy; Goldenrod - Inmate/Parolee's 1st Copy.

Case 2:15-cv-... Document 1    Filed 09/03/15    Page 72 of 90

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print):    (LAST NAME) | (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM _____ TO _____ | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

METHOD OF DELIVERY (CHECK APPROPRIATE BOX ) **\*\*NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED \*\***

☐ SENT THROUGH MAIL:  ADDRESSED TO:_____ DATE MAILED: _____

☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE)   YES   NO |
|---|---|---|---|

| IF FORWARDED – TO WHOM: | | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: (CIRCLE ONE)  IN PERSON   BY US MAIL |
|---|---|---|---|

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL.  KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|

STATE OF CALIFORNIA
INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE Document 1   Filed 09/03/15   Page 73 of 90
CDCR 22 (10/09)
DEPARTMENT OF CORRECTIONS AND REHABILITATION

*Exhibit 46*

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print):   (LAST NAME)   (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|
| Prado, Alejandro | P58009 | Alejandro Prado |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM _____ TO _____ | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| B 10-119 | | | Showers |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

I continue to be subjected to unsafe conditions by being placed on non ADA Showers

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **

☐ SENT THROUGH MAIL:  ADDRESSED TO: _____ DATE MAILED: ____/____/____

☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? |
|---|---|---|---|
| GARCIA | 3-16-14 | | (CIRCLE ONE)  (YES)   NO |

| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: |
|---|---|---|
| LT SCOTLAND | | (CIRCLE ONE)   IN PERSON   (BY US MAIL) |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

ON 3/25/14, LT SCOTLAND PERSONALLY BROUGHT 22 FORM WITHOUT ANSWERING IT SAID NOT TO SEND ANY MORE 22 FORMS ON THIS SHOWER AND THREATEN ME WITH WRITE UP

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| | |

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

Exhibit 47

664

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

DEPARTMENT OF CORRECTIONS

# HEALTH CARE SERVICES REQUEST FORM

| PART I:  TO BE COMPLETED BY THE PATIENT |
|---|

*A fee of $5.00 may be charged to your trust account for each health care visit.*

**If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.**

| REQUEST FOR: | MEDICAL ☐ | MENTAL HEALTH ☐ | DENTAL ☐ | MEDICATION REFILL ☐ |
|---|---|---|---|---|
| NAME | | CDC NUMBER | | HOUSING |
| PATIENT SIGNATURE | | | | DATE |

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem)

*NOTE:  IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

| PART III:  TO BE COMPLETED AFTER PATIENT'S APPOINTMENT |
|---|

☐ Visit is not exempt from $5.00 copayment.  (Send pink copy to Inmate Trust Office.)

**CDC 7362 (Rev. 03/04)**   Original - Unit Health Record     Yellow - Inmate (if copayment applicable)     Pink - Inmate Trust Office (if copayment applicable)     Gold - Inmate

EXHIBIT 48

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

**IAB USE ONLY**

1400061

P58009

Institution/Parole Region: ___ Log #: ___

CSP·S·14·00796

Category: 10 Process in Appeals

FOR STAFF USE ONLY

You ___ and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations, Title 15, (CCR) Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

**Appeal is subject to rejection if one row of text per line is exceeded.**   WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): Prado, Alejandro | CDC Number: P58009 | Unit/Cell Number: B 10-119 | Assignment: |

**State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):** Cancellation

**A. Explain your issue (If you need more space, use Section A of the CDCR 602-A):** I am asking the cancellation of 602 #CSP-S-14-00632 as being a duplicate of appeal 13-2493, 13-2493 and 13-3054. Appeal CSP-S-14-00632 is not a duplicate of any other 602. But it only incident that occurred in October, and inspite of similar action requested

**B. Action requested (If you need more space, use Section B of the CDCR 602-A):** That my Original 602 be processed.

RECEIVED
MAR 28 2014
CSP · SOLANO
APPEALS OFFICE

RECEIVED
MAR 28 2014
CSP - SOLANO
APPEALS OFFICE

**Supporting Documents: Refer to CCR 3084.3.**
☑ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono): Cancelled 602 and attachment

RECEIVED
APR 17 2014
APPEALS

☐ No, I have not attached any supporting documents. Reason: ___

**Inmate/Parolee Signature:** ___ **Date Submitted:** 3/23/14
☐ By placing my initials in this box, I waive my right to receive an interview.

**C. First Level - Staff Use Only**        Staff – Check One: Is CDCR 602-A Attached? ☑ Yes ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: ___ Date: ___ Date: ___
☐ Cancelled (See attached letter) Date: ___
☐ Accepted at the First Level of Review.
Assigned to: ___ Date Assigned: ___ Date Due: ___

**BYPASS**

RECEIVED JUN 19 2014 INMATE APPEALS BRANCH

First Level Responder: Complete a First Level response. Include Interviewer's ___ interview date, location, and complete the section below.
Date of Interview: ___ Interview Location: ___
Your appeal issue is: ☐ Granted ☐ Granted in Part ☐ Denied ☐ Other: ___
See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer: ___ (Print Name) Title: ___ Signature: ___ Date completed: ___
Reviewer: ___ (Print Name) Title: ___ Signature: ___
Date received by AC: ___

**AC Use Only**
Date mailed/delivered to appellant ___ / ___ / ___

**D. If you are dissatisfied with the First Level response**, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

Inmate/Parolee Signature: _____     Date Submitted : _____

**E. Second Level - Staff Use Only**                    Staff – Check One: Is CDCR 602-A Attached?  ☑ Yes   ☐ No

This appeal has been:

☐ By-passed at Second Level of Review. Go to Section G.

☑ Rejected (See attached letter for instruction) Date: 3/29/14   Date: _____ Date: _____ Date: _____

☐ Cancelled (See attached letter)

☑ Accepted at the Second Level of Review   Title: CCI   4-17-14   5-30-14

Assigned to: Appeals  OK   Title: CCI   Date Assigned: 3/29/14   Date Due 5/12/14

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: 5/28/14   Interview Location: telephonically

Your appeal issue is: ☐ Granted   ☐ Granted in Part   ☒ Denied   ☐ Other: _____

See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: N. Clark   Title: CCII   Signature: [signature]   Date completed: 5/28/14

Reviewer: R.D. Dickinson   Title: CDW   Signature: [signature]

Date received by AC: _____

AC Use Only
Date mailed/delivered to appellant  MAY 30 2014

**F. If you are dissatisfied with the Second Level response**, explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

I am dissatisfied with the second level response. Inspite of CSP SCLANC, SLR acknowledge that CSP-S-
14-0062 (602) was incorrectly ~~twice~~ cancelled and yet this 602 was also denied on a
matter irrelevant to the issue at hand (602) Moreover, this is not the first time I've
addressed October 10, 2013, shower full which I submitted the original in October
2013, which for some reason did not make it to the appeal office inspite of being

Inmate/Parolee Signature: [signature]   Date Submitted: 6/17/14

**G. Third Level - Staff Use Only**

This appeal has been:

☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____ Date: _____

☐ Cancelled (See attached letter)  Date: _____

☐ Accepted at the Third Level of Review. Your appeal issue is ☐ Granted   ☐ Granted in Part   ☒ Denied   ☐ Other: _____
   See attached Third Level response.                                                                           SEP 12 2014

Third Level Use Only
Date mailed/delivered to appellant  _____

**H. Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____     Inmate/Parolee Signature: _____   Date: _____

Print Staff Name: _____   Title: _____   Signature: _____   Date: _____

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Case 2:15-cv-01866-WBS-DB Document 1 Filed 09/03/15 Page 77 of 90

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (08/09)

Exhibit 49

Side 1

| | IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|---|
| | | CSP-S-14-00796 | | 10 |
| | | **FOR STAFF USE ONLY** | | processing Appeal |

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.          WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): Prado, Alejandro | CDC Number: P58009 | Unit/Cell Number: E 10-119 | Assignment: |
|---|---|---|---|

A. Continuation of CDCR 602, Section A only (Explain your issue): _the issue/incident has its arm_
_ment that needs to be addressed. Furthermore that it continues to be an on going_
_issue when conditions remain the same and my safety and well being is at_
_risk due to these conditions!_

RECEIVED

MAR 28 2014

CSP - SOLANO
APPEALS OFFICE

PROOF 10

MAR 28 2014

CSP - SOLANO
APPEALS OFFICE

RECEIVED

APR 17 2014

Inmate/Parolee Signature: _____   Date Submitted: 2/23/14

B. Continuation of CDCR 602, Section B only (Action requested): _____

INMATE APPEALS BRANCH

RECEIVED JUN 19 2014

Inmate/Parolee Signature: _____   Date Submitted: _____

**D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response):** _____

Inmate/Parolee Signature: _____ Date Submitted: _____

**F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):** placed in the appeal box. I appealed the right to appeal and denial to the court refer to # CSP-S-13-02810, which is currently at Third level review 602 # CSP-S-14-00632, did not violate time constraints is it is the second attempt and a copy of the original 602 that was submitted in October 2013 which was lost or misplaced by CSP-SOLANO and I 602 ed access to appeal. (see to # CSP-S-13-02810)

Inmate/Parolee Signature: _____ Date Submitted: 6/17/14

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

Exhibit 50

RE: Screening at the FIRST Level

*March 14, 2014*

*PRADO, P58009*
*B 010 1119001L*

LIVING CONDITIONS, Showers, 03/04/2014
Log Number: CSP-S-14-00632
(Note: Log numbers are assigned to all appeals for tracking purposes)

The enclosed documents are being returned to you for the following reasons:

*Your appeal has been cancelled pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(c)(2). The appeal duplicates a previous appeal upon which a decision has been rendered or is pending.*

*This appeal duplicates other appeals, such as 13-2143 and 13-2455, and 13-3034.*

Appeals Coordinator
CSP-SOLANO

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

*Exhibit 51*

RE: Screening at the FIRST Level

*March 29, 2014*

**PRADO, P58009**
*B 010 1119001L*

LEGAL, Processing of Appeals, 03/28/2014
Log Number: CSP-S-14-00796
(Note: Log numbers are assigned to all appeals for tracking purposes)

The enclosed documents are being returned to you for the following reasons:

*Your appeal has been rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(b)(3). You have exceeded the allowable number of appeals filed in a 14 calendar day period pursuant to CCR 3084.1(f).*

*Pursuant to CCR 3084.4 you are advised that this appeal is considered misuse or abuse of the appeals process.  Repeated violations may lead to your being placed on appeal restriction as described in CCR 3084.4(g).*

*YOUR APPEAL LOG # CSP-S-14-00087 WAS ASSIGNED FOR 2nd LEVEL REVIEW ON 3/21/14. YOU MUST WAIT 14 DAYS FROM 3/21/14 TO RESUBMIT THIS APPEAL.*

Appeals Coordinator
CSP-SOLANO

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b).  Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted.  However, a separate appeal can be filed on the cancellation decision.  The original appeal may only be resubmitted if the appeal on the cancellation is granted.

*Exhibit 52*

# Memorandum

Date:  May 28, 2014

To:  Prado (P58009)  M-230-L
California medical Facility (CMF)

Subject: **SECOND LEVEL APPEAL RESPONSE LOG NO: CSP-S-14-00796**

ISSUE:

Whether or not CDCR 602 Log #CSP-S-14-00632, was appropriately cancelled by SOL Appeals Coordinator as a duplicate appeal.

Appellant requests that CDCR 602 Log #CSP-S-14-00632, be processed.

INTERVIEWED BY: N. Clark, Correctional Counselor II (CCII), Specialist at the Second Level of Review (SLR).

REGULATIONS: The rules governing this issue are:

> **California Code of Regulations (CCR) 3084.2. Appeal Preparation and Submittal.**
> **CCR 3084.5. Screening and Managing Appeals.**
> **CCR 3084.6. Rejection, Cancellation, and Withdrawal Criteria.**
> **CCR 3084.8. Appeal Time Limits.**

DISCUSSION:

The appellant submitted CDCR 602 Log #CSP-S-14-00632 on October 14, 2013. CDCR 602, Log # CSP-S-14-00632; reflects it was initially received in the SOL Appeals Office on March 4, 2014. CDCR 602, Log # CSP-S-14-00632 is a living conditions appeal. The appellant is claiming he fell in the Administrative Segregation Unit (ASU) shower for the second time due to SOL ASU showers not being ADA equipped for a person as himself with lower extremity mobility impairment. On March 14, 2014, SOL Appeals Office cancelled the appeal for being a duplicate to appeal Log #CSP-S-13-02143, CSP-S-13-02455 and CSP-S-13-03034.

On March 23, 2014, the appellant filed the current CDCR 602 Log #CSP-S-14-00796. SOL Appeals Office received the appeal on March 28, 2014. On March 29, 2014, the SOL Appeals Office sent Form 695 to appellant with the following rejection notice, "Your appeal Log #CSP-S-14-00087 was assigned for a Second Level of Review on March 21, 2014. You must wait fourteen (14) days from March 21, 2014 to resubmit this appeal." The appellant resubmitted the appeal on April 17, 2014, and SOL Appeals Office assigned it for a Second Level of Review on April 17, 2014. The appellant contends that his appeal does not duplicate another appeal as it is its own incident that occurred in October and in-spite of similar actions requested the issue/incident has its own merit that needs to be addressed.

On May 28, 2014, the appellant was interviewed telephonically with the assistance of CCI Van Dyke at CMF by N. Clark, CCII Specialist. Appellant was clearly informed that

the only issue at hand is whether or not his CDCR 602 Log #CSP-S-14-00632, was appropriately cancelled by the SOL Appeals Coordinator. It is noted appellant has a Departmental Test of Adult Basic Education (TABE) reading score of 8.6, is a participant in the Mental Health Services Delivery Systems (MHSDS) at the Enhanced Out-patient (EOP) Level of Care and is a participant in the Developmental Disability Program designated DD2. Effective communication was achieved through speaking slowly in simple English with the appellant. The appellant had nothing further to add to his appeal. The appellant stated he thought he had submitted his appeal on time. When asked if he is appropriately housed at CMF the appellant stated "more or less."

DECISION: The appeal is **denied**.

Appellant requests that CDCR 602 Log # CSP-S-14-00632, be processed is **denied.** SLR finds the appeal was cancelled for duplicating appeal Log #CSP-S-13-02143, CSP-S-13-02455 and CSP-S-13-03034.

SLR finds the requested action on appeal Log #CSP-S-14-00632 is: "That CSP-Solano be ADA equipped and I be properly housed/equipped in accordance to my disability." Appeal Log #CSP-S-13-02143 requested action is: "That Solano/ASU be disability equipped (ADA) or that I be moved to a facility that is." SLR finds, this appeal was answered through the Third Level of Review and denied. Appeal Log #CSP-S-13-02455 is a CDCR 1824 reasonable Modification or Accommodation Request and the requested action is: "That CSP-Solano be ADA equipped and that shower step be removed and or a ramp be added to make the shower properly accessible and/or properly housed. Appeal Log #CSP-S-13-3034 is a CDCR 1824 reasonable Modification or Accommodation Request and the requested action is: "That my ADA/medical conditions be acknowledged and properly housed."

The appellant contends that CDCR 602 Log # CSP-S-14-00632 does not duplicate another appeal as it is its own incident that occurred in October and in-spite of similar actions requested the issue/incident has its own merit that needs to be addressed. SLR finds the appellant brings up a good point.

After further review SLR finds the appeal should have been cancelled for failure to meet time constraints, not as a duplicate. SLR finds, the incident took place on October 10, 2013 yet, the appellant did not submit the appeal until March 4, 2014. CCR 3084.8(b)(1) states, "An inmate or parolee must submit the appeal within 30 calendar days of: the occurrence of the event or decision being appealed." SLR finds CDCR 602 Log # CSP-S-14-00632 should have been received in the SOL Appeals Office by November 10, 2013. SLR finds CDCR 602 Log # CSP-S-14-00632 was not received in the SOL Appeals Office until March 4, 2014.

SLR finds the initial reasoning for the cancellation was in error. However, the fact that CDCR 602 Log # CSP-S-14-00632 is cancelled is not an error nor has the appellant provided new information that would make the appeal eligible for further review.

The appellant is advised that this appeal issue may be submitted for a Third Level of Review.

J.E. ARNOLD
Warden (A)
California State Prison-Solano

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

*Exhibit 54*

# THIRD LEVEL APPEAL DECISION

Date: SEP 0 2 2014

In re:   Alejandro Prado, P58009
California Medical Facility
P.O. Box 2000
Vacaville, CA  95696

TLR Case No.: 1400061          Local Log No.: SOL-14-00796

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner K. J. Allen. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that his submitted appeal was incorrectly processed by staff at the California State Prison - Solano (SOL). The appellant states that appeals office staff improperly cancelled his appeal because it was a duplicate issue. The appellant claims that his submitted appeal should not have been cancelled because although there are similarly requested actions in both appeals, the issue/incident has its own merit and should be addressed separately.

The appellant adds that the issue he is appealing occurred in October of 2013. The appellant requests that his originally cancelled appeal (SOL Log #14-00632) be processed accordingly.

**II   SECOND LEVEL'S DECISION:** The reviewer found that the institution is in compliance with all departmental rules and regulations in the processing of inmate appeals. The reviewer noted that a review of the cancelled appeal (SOL Log #14-00632) indicated that it was appropriately cancelled based upon the fact that it duplicated SOL Log #13-2143, SOL Log #13-2455, and SOL Log #13-3034. Upon further review the reviewer found that the incident was in fact separate. However, in that the issue was separate, the appellant clearly missed time constraints in accordance with the California Code of Regulations, Title 15, Section (CCR) 3084.8(b)(1).

The reviewer noted that the incident being appeal occurred on October 10, 2013, yet the appellant did not submit his appeal regarding this incident until March 4, 2014. The reviewer noted that the appeal was nearly four months past allowable time constraints. Although the previous reason for cancelling SOL Log #14-00632 was done in error, the appeal was cancelled at the Second Level of Review pursuant to departmental appeal regulations. The appellant's request for the appeal to be processed was denied.

**III  THIRD LEVEL DECISION:** Appeal is denied.

   **A.  FINDINGS:** Following thorough analysis of the submitted documentation, the Appeals Examiner has determined that the appellant's allegations have been reviewed and properly evaluated by administrative staff at the SOL. An appeal inquiry was conducted by appropriate supervising staff and the appeal was reviewed by the institution's Warden. Despite the appellant's dissatisfaction, this review finds no evidence of a violation of existing policy or regulation by the institution based upon the arguments and evidence presented.

   The appellant has failed to provide evidence to support his appeal claim that he submitted his appeal in a timely manner. Pursuant to above-noted regulation, an appellant must submit the appeal within 30 calendar days of the event or decision being appealed. Relief in this matter at the Third Level of Review is not warranted. It is also noted that the appellant has transferred to the California Medical Facility (CMF) and his appeal issue may no longer be germane.

   **B.  BASIS FOR THE DECISION:**
   California Penal Code Section: 5058
   CCR: 3000.5, 3001, 3084.1, 3084.5, 3084.6, 3084.8, 3380
   CDCR Operations Manual, Section: 54100.1, 54100.4

**C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.


K. J. ALLEN, Appeals Examiner
Office of Appeals

R. L. BRIGGS, Chief (A)
Office of Appeals

cc:    Warden, CMF
       Appeals Coordinator, CMF
       Appeals Coordinator, SOL

CMF J3-3556

Exhibit 56

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## REASONABLE MODIFICATION OR ACCOMMODATION REQUEST
CDCR 1824 (Rev. 10/06)

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| CSP-S- | 14-1056 | CSP-SOLANO<br>APPEALS OFFICE |

**NOTE:** THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

APR 28 2014

RECEIVED

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.*

| INMATE/PAROLEE'S NAME(PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| Prado, Alejandro | P58669 | — | — | B 10-114 |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disibility shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you. If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

## MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY:
Right foot mobility

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?
Medical file, 1845, 7410,

DESCRIBE THE PROBLEM:
On 4/09/14, I received surgery on my right foot and was issued crutches. However, for two (5) days I was not given any crutches, forcing me to bare weight on my right leg or hop around until nurse Lahey issued me crutches. Now each time I go and participate in shower program I am forced to hop around on uneven shower floor making it dangerous. Now due to the hoping on my left leg it is in constant throbbing pain!

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?
Showers be made safe for someone with my disability and be retro-fitted.

INMATE/PAROLEE'S SIGNATURE

DATE SIGNED
4/25/14

**REASONABLE MODIFICATION OR ACCOMMODATION REQUEST**                                                                  Page 2 of 2
CDCR 1824 (Rev. 10/06)

## REVIEWER'S ACTION

| | DATE ASSIGNED TO REVIEWER: |
| --- | --- |
| **TYPE OF ADA ISSUE** | **DATE DUE:** |

☐  PROGRAM, SERVICE, OR ACTIVITY ACCESS (Not requiring structural modification)

    ☐  Auxiliary Aid or Device Requested

    ☐  Other_____

☐  PHYSICAL ACCESS (requiring structural modification)

**DISCUSSION OF FINDINGS:** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

| DATE INMATE/PAROLEE WAS INTERVIEWED | PERSON WHO CONDUCTED INTERVIEW |
| --- | --- |

**DISPOSITION**

    ☐  GRANTED    ☐  DENIED    ☐  PARTIALLY GRANTED

**BASIS OF DECISION:** _____

_____

_____

_____

_____

_____

_____

**NOTE:** *If disposition is based upon information provided by other staff or other resources, specify the resource and the information provided. If the request is granted, specify the process by which the modification or accommodation will be provided, with time frames if appropriate.*

| DISPOSITION RENDERED BY (NAME) | TITLE | INSTITUTION/FACILITY |
| --- | --- | --- |

## APPROVAL

| ASSOCIATE WARDEN'S SIGNATURE | DATE SIGNED |
| --- | --- |

DATE RETURNED TO INMATE/PAROLEE

## COMPREHENSIVE ACCOMMODATION CHRONO

**INSTRUCTIONS**: A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated shall include previous accommodations, if they still apply. Chronos indication permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

### A. HOUSING

| | | | | | |
|---|---|---|---|---|---|
| None | P / T _____ | | 4. Bottom Bunk | P / T _____ | |
| 1. Barrier Free/Wheelchair Access | P / T _____ | | 5. Single Cell (See 128-C date) | P / T _____ | |
| 2. Ground Floor Cell | P / T _____ | | 6. Permanent OHU / CTC (circle one) | P / T _____ | |
| 3. Continuous Powered Generator | P / T _____ | | 7. Other: | P / T _____ | |

### B. MEDICAL EQUIPMENT/SUPPLIES

None

| | | | | | |
|---|---|---|---|---|---|
| 8. Limb Prosthesis | P / T _____ | | 16. Wheelchair: (type) | P / T _____ | |
| 9. Brace  Neoprene knee brace | P / T _____ | | 17. Contact Lense(s) & Supplies | P / T _____ | |
| 10. Crutches | P / T  8 weeks | | 18. Hearing Aid | P / T _____ | |
| 11. Cane: (type)  Wooden Quyle pt | P / T _____ | | 19. Special Garment | P / T _____ | |
| 12. Walker | P / T _____ | | (specify) | P / T _____ | |
| 13. Dressing/Catheter/Colostomy | P / T _____ | | 20. Rx. Glasses: | P / T _____ | |
| Supplies | P / T _____ | | 21. Cotton Bedding: | P / T _____ | |
| 14. Shoe: (specify)  Orthotic Shoe | P / T _____ | | 22. Extra Mattress | P / T _____ | |
| 15. Dialysis Peritoneal | P / T _____ | | 23. Other: wrist Chairs while in cell | P / T  12 months from 3/6/ | |

### C. OTHER

None

| | | | | |
|---|---|---|---|---|
| 24. Attendant to assist with meal access and other movement inside the institution. | P / T _____ | | 26. Therapeutic Diet: (specify) | P / T _____ |
| | | | 27. Communication Assistance | P / T _____ |
| | | | 28. Transport Vehicle with Lift | P / T _____ |
| Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene. | | | 29. Short Beard | P / T _____ |
| | | | 30. Other | P / T _____ |
| 25. Wheelchair Accessible Table | P / T _____ | | | |

### D. PHYSICAL LIMITATIONS TO JOB ASSIGNEMENTS

Based on the above, are there any physical limitations to job assignments?  ☐ Yes  ☐ No

If yes, specify: _____

| INSTITUTION | COMPLETED BY: | TITLE |
|---|---|---|
| CSP-SOL | Henry D. Beaup  Pr | Pr |
| SIGNATURE  Chirwa/Pn  for Dr. Alphonic | DATE  4/9/2014 | CDC NUMBER, NAME (LAST,FIRST, MI) AND DOB |
| HCM/CMO SIGNATURE | DATE | **PRADO, ALEJANDRO** |
| **APPROVED** (list the number of items approved) | | **P58009** |
| **DENIED** (list the number of items denied) | | **DOB: 09/18/79** |

COMPREHENSIVE ACCOMMODATION CHRONO

CDC 7410 (08/04)

**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

*Exhibit 58*

---

RE: Screening at the FIRST Level

*April 29, 2014*

**PRADO, P58009**
*B 010 1119001L*

ADA, Reasonable Accommodations, 04/29/2014
Log Number: CSP-S-14-01050
(Note: Log numbers are assigned to all appeals for tracking purposes)

The enclosed documents are being returned to you for the following reasons:

*Your appeal includes both Armstrong Remedial Plan (ARP) and non-ARP issues. You are advised that your non-ARP issues have been forwarded to health care staff for review and processing. You may be advised by health care staff whether further action(s) are necessary concerning the processing of these non-ARP issues. The following issues are accepted for CDCR Form 1824 processing:*

*Safe access to showers, activities and programs.*

*NOTE: HEALTH CARE WILL ADDRESS YOUR ISSUE OF PAIN IN YOUR LEFT FOOT.*

Appeals Coordinator
CSP-SOLANO

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.

CSP-SOLANO
Inmate Appeals Office

$Exhibit\ 59$

# MODIFICATION ORDER

April 30, 2014

APPEALS

RE: PRADO, P58009
     B 010 1119001L
     CSP-S-14-01050
     ADA

Please be informed that as a result of a Level I Decision, the above referenced appeal has been
. Please complete this modification order to comply with the decision.

DUE DATE: 05/01/2014

OTHER

ENSURE THE INMATE IS ACCESSING THE SHOWER, ACTIVITIES AND PROGRAMS
SAFELY.

The modification was completed in the following manner:

ASU Sergeant contacted 4-29-14 at approximately
1523 hours. Prado is provided a wheelchair to access
shower, activities and programs safely in addition,
Prado is provided a shower chair
while showering ... documented on
114-A per Sgt. Frances.

(You must attach a copy of any documents proving compliance, such as CDC Form 128-G,
Classification Chrono; CDC Form 128-C, Medical Chrono; CDC Form 115, Rules Violation
Report, etc.)

Certified as completed by:

_N. Clark_
Name (Signed)

_CCII_
Title

_SOL_
Location

_N. Clark_
Name (Printed)

_4-29-14_
Date

**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

*Exhibit 60*

RE: Screening at the FIRST Level

*May 01, 2014*

***PRADO, P58009***

ADA, Reasonable Accommodations, 04/29/2014
Log Number: CSP-S-14-01050
(Note: Log numbers are assigned to all appeals for tracking purposes)

The enclosed documents are being returned to you for the following reasons:

***Your appeal issue no longer warrants processing as a CDCR Form 1824 issue for the following reason(s):***

***SOL Appeals Office notes you transfered to CMF on 4/30/14.***
***You are advised your left leg pain issue can be addressed through the Medical Department at CMF.***
***The shower modification/accomodation request you had submitted on 4/25/14 and SOL Appeals Office received on 4/29/14 is a moot issue considering you are no longer housed here.***

Appeals Coordinator
CSP-SOLANO

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.