1
2
3
4
5
6
7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ALEJANDRO PRADO,                          No.  2:15-cv-1866 WBS KJN P (TEMP)

12                  Plaintiff,

13        v.                                    ORDER

14   GARY SWARTHOUT, Warden, et al.,

15                  Defendants.

16

17         Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20         Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

21   Accordingly, the request to proceed in forma pauperis will be granted.

22         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

1   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

2   1915(b)(2).

3                                          **SCREENING REQUIREMENT**

4           The court is required to screen complaints brought by prisoners seeking relief against a

5   governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

6   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

7   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

9   U.S.C. § 1915A(b)(1) & (2).

10          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16  Cir. 1989); Franklin, 745 F.2d at 1227.

17          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

18  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

19  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

20  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

21  However, in order to survive dismissal for failure to state a claim a complaint must contain more

22  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

23  allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

24  U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

25  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

26  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

27  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

28  /////

                                                        2

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### PLAINTIFF'S COMPLAINT

Plaintiff has identified Warden Gary Swarthout and nine other prison officials at CSP-Solano as the defendants in this action.  Plaintiff alleges that he is disabled and uses a cane, and he has fallen twice when leaving the shower area because of a cement block impediment. Plaintiff alleges that he has filed inmate grievances about this situation, but appeals coordinators have failed to timely process and respond to his complaints.  Plaintiff claims that the defendants have violated his rights under the Americans with Disabilities Act ("ADA").  He also claims that they have frustrated his constitutional right to file a grievance, denied him equal protection, and inflicted cruel and unusual punishment on him in violation of the Eighth Amendment.  In terms of relief, plaintiff requests injunctive relief and damages.  (See generally Compl. at 1-14.)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### DISCUSSION

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743.  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey, 673 F.2d at 268.

If plaintiff elects to proceed in this action by filing an amended complaint, the court advises him of the following legal standards that appear to govern the claims he is attempting to assert in this action.  First, plaintiff's primary claim appears to be that defendants are discriminating against him based on his disability.  Title II of the ADA provides that:

> no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity.

/////

4

1    In any amended complaint plaintiff elects to file, plaintiff must allege facts showing that

2    defendants discriminated against him or treated him differently *because of* a disability.  See

3    Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001) (Title II of the ADA requires

4    intentional discrimination); see also Rucker v. Trent, No. C 11-4312 YGR (PR), 2012 WL

5    4677741 at *4 (N.D. Cal. Sept. 30, 2012) ("the ADA prohibits discrimination because of a

6    disability, not inadequate treatment for a disability").  In this regard, to state a claim under the

7    ADA, a plaintiff must allege that:  (1) he or she is a qualified individual with a disability; (2) he

8    or she was excluded from participation in or otherwise discriminated against with regard to a

9    public entity's services, programs, or activities, and (3) such exclusion or discrimination was by

10   reason of his or her disability.  See O'Guinn v. Lovelock Correctional Center, 502 F.3d 1056,

11   1060 (9th Cir. 2007); Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).

12   Insofar as plaintiff is attempting to assert a claim based on prison officials' interference

13   with his pursuit of an inmate grievance, he is advised that prisoners have no stand-alone due

14   process rights related to the administrative grievance process.  See Mann v. Adams, 855 F.2d 639,

15   640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that

16   there is no liberty interest entitling inmates to a specific grievance process).  Put another way,

17   prison officials are not required under federal law to process inmate grievances in a specific way

18   or to respond to them in a favorable manner.  Because there is no right to any particular grievance

19   process, plaintiff cannot state a cognizable civil rights claim for a violation of his constitutional

20   rights based on allegations that prison officials ignored or failed to properly process grievances.

21   See, e.g., Wright v. Shannon, No. 1:05-cv-1485 LJO YNP (PC), 2010 WL 445203 at *5 (E.D.

22   Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals

23   failed to state a cognizable claim under the First Amendment); Williams v. Cate, No. 1:09-cv-

24   0468 OWW YNP (PC), 2009 WL 3789597 at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no

25   protected liberty interest in the vindication of his administrative claims.").

26   To the extent that plaintiff seeks to pursue a claim under the Fourteenth Amendment

27   Equal Protection Clause, he is advised that the Equal Protection Clause "is essentially a direction

28   that all persons similarly situated should be treated alike."  City of Cleburne, Tex. v. Cleburne

5

1   Living Center, 473 U.S. 432, 439 (1985).  To state a cognizable claim under the Equal Protection

2   Clause, plaintiff "must plead intentional unlawful discrimination or allege facts that are at least

3   susceptible of an inference of discriminatory intent."  Byrd v. Maricopa County Sheriff's Dep't,

4   565 F.3d 1205, 1212 (9th Cir. 2009) (quoting Monteiro v. Tempe Union High School District,

5   158 F.3d 1022, 1026 (9th Cir. 1998)).  "Intentional discrimination means that a defendant acted at

6   least in part *because of* a plaintiff's protected status."  Serrano v. Francis, 345 F.3d 1071, 1082

7   (9th Cir. 2003) (emphasis in original) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404

8   (9th Cir.1994)).  Plaintiff is cautioned that individuals with disabilities do not constitute a

9   "suspect" class, so allegations that defendants discriminated against him based on his disability

10  are subject to rational basis review.  In this regard, any regulation, policy, or practice will be

11  upheld if it is "reasonably related to legitimate penological interests."  See Turner v. Safley, 482

12  U.S. 78, 89 (1987).

13        Finally, insofar as plaintiff is attempting to assert an Eighth Amendment Cruel and

14  Unusual Punishment claim, he is advised that to maintain an Eighth Amendment claim based on

15  inadequate medical care, he must allege facts showing defendants acted with deliberate

16  indifference to serious medical needs.  See Estelle v. Gamble, 429 U.S. 97 (1976).  In the Ninth

17  Circuit, a deliberate indifference claim has two components:

> First, the plaintiff must show a "serious medical need" by
> demonstrating that "failure to treat a prisoner's condition could
> result in further significant injury or the 'unnecessary and wanton
> infliction of pain.'"  Second, the plaintiff must show the
> defendant's response to the need was deliberately indifferent.  This
> second prong – defendant's response to the need was deliberately
> indifferent – is satisfied by showing (a) a purposeful act or failure
> to respond to a prisoner's pain or possible medical need and (b)
> harm caused by the indifference.  Indifference "may appear when
> prison officials deny, delay or intentionally interfere with medical
> treatment, or it may be shown by the way in which prison
> physicians provide medical care." (internal citations omitted)

25  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  See also Wood v. Housewright, 900 F.2d

26  1332, 1334 (9th Cir. 1990) ("In determining deliberate indifference, we scrutinize the particular

27  facts and look for substantial indifference in the individual case, indicating more than mere

28  negligence or isolated occurrences of neglect.").

1    In applying the deliberate indifference standard, the Ninth Circuit has held that before it

2    can be said that a prisoner's civil rights have been abridged, "the indifference to his medical

3    needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not

4    support this cause of action."  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing

5    Estelle, 429 U.S. at 105-06).  In addition, mere differences of opinion between a prisoner and

6    prison medical staff as to the proper course of treatment for a medical condition do not give rise

7    to a § 1983 claim.  See Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012); Toguchi v. Soon

8    Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th

9    Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d

10   1337, 1344 (9th Cir. 1981).

11   Delays in providing medical care may manifest deliberate indifference.  See Estelle, 429

12   U.S. at 104-05.  To establish a deliberate indifference claim arising from a delay in providing

13   medical care, however, a plaintiff must allege facts showing that the delay was harmful.  See

14   Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); Hunt v. Dental Dep't, 865 F.2d 198, 200

15   (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.

16   1985).  In this regard, "[a] prisoner need not show his harm was substantial; however, such would

17   provide additional support for the inmate's claim that the defendant was deliberately indifferent to

18   his needs."  Jett, 439 F.3d at 1096.

19   Plaintiff is informed that the court cannot refer to a prior pleading in order to make

20   plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be

21   complete in itself without reference to any prior pleading.  This requirement is because, as a

22   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

23   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

24   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

25   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

26   /////

27   /////

28   /////

7

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (Doc. No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

Dated:  May 13, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ec
prad1866.14