UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO PRADO,<br><br>        Plaintiff,<br><br>    v.<br><br>GARY SWARTHOUT, et al.,<br><br>        Defendants. | No. 2:15-cv-1866 WBS DB P<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges he fell in the shower several times due to a cement block impediment because the showers are not compliant with the Americans with Disabilities Act ("ADA"). Plaintiff's first amended complaint is before the court for screening.

    For the reasons set forth below, the court finds plaintiff has stated potentially cognizable claims against defendant Swarthout in his official capacity for a violation of the ADA and against defendants Swarthout, Arnold, Matteson, and Blackwell in their individual capacities for violations of his rights under the Eighth Amendment and Equal Protection Clause. The undersigned recommends dismissal of plaintiff's ADA claims against the individual defendants and of his First Amendment claims with prejudice. With respect to dismissal of plaintiff's claims against defendant Jimenez, the court will permit plaintiff to either proceed on the cognizable

////

claims identified herein or amend his complaint to attempt to state a claim against defendant Jimenez.

## BACKGROUND

Plaintiff initiated this action in September 2015 with a civil rights complaint. On screening, the court found plaintiff failed to state any claims cognizable under 42 U.S.C. § 1983. (ECF No. 7.) Plaintiff was provided an opportunity to amend his complaint. On July 12, 2016, plaintiff filed a first amended complaint. (ECF No. 12.)

## SCREENING

### I.     Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A district court must construe a pro se pleading liberally to determine if it states a potentially cognizable claim. The court must explain to the plaintiff any deficiencies in his complaint and accord plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic, 550 U.S. at 570). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. Rule 8 of the Federal Rules of Civil Procedure "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic, 550 U.S. at 555 (citation and internal quotation and punctuation marks omitted).

## II.   Allegations of the First Amended Complaint

Plaintiff is a state prisoner currently incarcerated at the California Medical Facility ("CMF"). The events which are the subject of plaintiff's complaint occurred when he was incarcerated at California State Prison-Solano ("CSP-Solano") in Administrative Segregation ("Ad Seg"). Plaintiff identifies the following defendants: (1) Gary Swarthout, Warden of CSP-Solano; (2) Arnold, Chief Deputy Warden; (3) Matteson, Associate Warden; (4) Blackwell, Correctional Lieutenant; and (5) Jimenez, Correctional Lieutenant. Plaintiff states that he sues each defendant in his or her individual capacity and Warden Swarthout also in his official capacity. (First Am. Compl. ("FAC") (ECF No. 12) at 5-6.)

Plaintiff states that on September 3 and October 10, 2013 and on April 29, 2014, his foot and cane slipped as he was leaving the shower and he fell, injuring himself. According to plaintiff, he slipped because he was required to step over a two to three-foot high step to enter or exit the shower. Plaintiff notes that there were no anti-slip pads inside or outside the shower. Plaintiff provides a 2016 copy of a summary of his disabilities showing that he was approved for a low bunk, no stairs, no prolonged standing, no prolonged walking, and waist chains rather than being handcuffed behind his back. (Id. at 7-8, 11-12, 36.)

Plaintiff filed grievances after each incident. Plaintiff also sought accommodations for showering such as a ramp or a shower chair. Defendants' involvement was the denial of plaintiff's appeals at various levels and/or their responsibility for inmates' safety generally. (Id. at 8-9.)

Plaintiff's first appeal, #CSP-S 13-2143, was filed on September 5, 2013. Therein, plaintiff describes being forced to step over a shower step to exit the shower and then falling in the shower. He asked that CSP-Solano Ad Seg be "disability equipped (ADA) or that [he] be moved to a facility that is!" Plaintiff states that defendant Blackwell interviewed plaintiff in September 2013 in response to plaintiff's appeal. Plaintiff described the ADA issues with the shower and told Blackwell about the injuries he sustained in his fall. The first level response to plaintiff's appeal was denied by defendant Blackwell. Plaintiff states that defendant Matteson "endorsed" those findings with his signature. Plaintiff contends that the actions of these defendants resulted

1  in plaintiff being subjected to unsafe conditions. (Id. at 8-9; Ex. A to FAC (ECF No. 12 at 18-
2  20).)
3     In plaintiff's appeal of this first level response, he again stated that he was being denied safe
4  access to shower areas in violation of the ADA. (Ex. A to FAC (ECF No. 12 at 20).)
5     Plaintiff's second appeal was apparently submitted on October 14, 2013. However, the copy
6  included with plaintiff's complaint does not show that the appeal was assigned a number. In that
7  appeal, plaintiff again described falling in the shower due to the step. And again complained that
8  CSP-Solano's showers were not ADA equipped. (See Ex. B to FAC (ECF No. 12 at 22-23).)
9     On October 21, 2013, plaintiff states he received a second level response to his appeal, though
10 he does not identify whether it was the first or second appeal. According to plaintiff, it was
11 denied by defendants Arnold and Swarthout. (FAC (ECF No. 12) at 9.)
12    Plaintiff states that on November 11, 2013, he submitted a health care request slip on form
13 #7362 in which he asked for a shower chair. On November 20, 2013, plaintiff was given an
14 accommodation chrono adding a wheelchair. (Id.)
15    On November 26, 2013, plaintiff states he submitted a CDCR GA 22 form in which he
16 requested an interview with defendant Swarthout because he had not received a response to an
17 appeal filed on November 10, 2013. (Id.)
18    On December 14, 2013, plaintiff submitted a CDCR 7362 health care request asking "Is there
19 anything medical can do to insure I do not fall in the shower again?" (Id.)
20    Plaintiff submitted his third appeal on May 19, 2014. It was assigned number CSP-S 14-
21 1294. (Ex. C to FAC (ECF No. 12 at 30-31).) At the first level of screening, plaintiff received a
22 letter stating that his appeal was cancelled because plaintiff had, at that point, been transferred to
23 CMF and he could not submit an appeal on behalf of another person. (Id. at 29.) Plaintiff
24 attempted to re-submit the appeal and was told that he was attempting to re-submit an appeal that
25 was previously cancelled. (Id. at 27.) He was told that he could appeal that cancellation by
26 submitting a new 602 form and attaching copies of the prior appeal. (Id.)
27 ////
28 ////

Plaintiff alleges each defendant had a duty to "see that Ad-Seg was ADA and <u>Armstrong</u> compliant.  Failure to do so subjected plaintiff to cruel and unusual punishment, personal injury." Plaintiff also alleges discrimination "as it concerned his physical and mental health."  (<u>Id.</u> at 12.)

Plaintiff states that as a result of his falls, he has experienced difficulty attempting to "sit, stand, walk or be agile," pain lying down, pain in his tail bone, hip, right foot, head, back and knees.  In addition, some of the injuries affected plaintiff's breathing, which limited his daily activities.  Plaintiff also states that his injuries have caused him emotional distress and mental anguish.  (<u>Id.</u> at 13-14.)

By way of relief, plaintiff seeks an injunction requiring defendants to remove the step from the showers.  He also seeks compensatory and punitive damages and the costs of suit.  (<u>Id.</u> at 14-15.)

**III.     Does Plaintiff State Cognizable Claims?**

Plaintiff asserts claims under the ADA, the Eighth Amendment, the Equal Protection Clause, and the First Amendment.

**A.  Americans with Disabilities Act Claims**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  Title II authorizes suits by private citizens for money damages against public entities, <u>United States v. Georgia</u>, 546 U.S. 151, 153 (2006), and state prisons "fall squarely within the statutory definition of 'public entity.'" <u>Pennsylvania Dept. of Corrs. v. Yeskey</u>, 524 U.S. 206, 210 (1998).

"Generally, public entities must 'make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.'" <u>Pierce v. County of Orange</u>, 526 F.3d 1190, 1215 (9th Cir. 2008) (quoting 28 C.F.R. § 35.130(b)(7)).  The state is responsible for providing inmates with "the fundamentals of life, such as sustenance, the use of toilet and

bathing facilities, and elementary mobility and communication," and as such, the ADA requires that these "opportunities" be provided to disabled inmates "to the same extent that they are provided to all other detainees and prisoners." Armstrong v. Schwarzenegger, 622 F.3d 1058, 1068 (9th Cir. 2010); see also Pierce, 526 F.3d at 1220 (finding ADA violation where defendant failed to articulate "any legitimate rationale for maintaining inaccessible bathrooms, sinks, showers, and other fixtures in the housing areas and commons spaces assigned to mobility- and dexterity impaired detainees").

In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability;" (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004); see also Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity.").

Furthermore, "[t]o recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant." Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). The standard for intentional discrimination is deliberate indifference, "which requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." Id. at 1139. The ADA plaintiff must both "identify 'specific reasonable' and 'necessary' accommodations that the state failed to provide" and show that defendant's failure to act was "a result of conduct that is more than negligent, and involves an element of deliberateness." Id. at 1140.

### 1. Appropriate Defendants

Plaintiff cannot bring an ADA action against individual prison officials, because the proper defendant in such actions is the public entity responsible for the alleged discrimination. Georgia, 546 U.S. at 153. State correctional facilities are "public entities" within the meaning of

1  the ADA.  See 42 U.S.C. § 12131(1)(A) & (B); Yeskey, 524 U.S. at 210; Armstrong v. Wilson,
2  124 F.3d 1019, 1025 (9th Cir. 1997).  Plaintiff also cannot bring a § 1983 action against
3  defendants in their individual capacities based on allegedly discriminatory conduct.  See Vinson
4  v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42
5  U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title
6  II of the ADA or section 504 of the Rehabilitation Act.").  Therefore, plaintiff's disability
7  discrimination claims under the ADA against all defendants in their individual capacities should
8  be dismissed with prejudice.
9       Plaintiff's remaining claim is against Warden Swarthout in his official capacity.  The
10 proper defendant in an ADA action "'usually is an organization rather than a natural person.'"
11 See Applegate v. CCI, No. 1:16-cv-1343 MJS (PC), 2016 WL 7491635, at *5 (E.D. Cal. Dec. 29,
12 2016) (quoting Roundtree v. Adams, No. 1:01-cv-6502-OWW-LJO, 2015 WL 3284405 (E.D.
13 Cal. Dec. 1, 2005)).  However, a warden sued in his official capacity is, in effect, a suit against
14 the government entity and is an appropriate defendant in an ADA action.  See id. (citing Miranda
15 B. v. Kitzhaber, 328 F.3d 1181, 1187-88 (9th Cir. 2003); Kentucky v. Graham, 473 U.S. 159, 165
16 (1985)).  Therefore, defendant Swarthout may be sued in his official capacity for discrimination
17 under the ADA.

18              **2.      Does Plaintiff state an ADA Claim against Defendant Swarthout?**

19      Plaintiff has alleged he is disabled and must use a cane to walk.  Plaintiff states that using
20 the showers was unsafe due to his disability.  The gravamen of plaintiff's claim is that the prison
21 improperly denied him access to a shower that would be accessible to a disabled person.  This is
22 sufficient to state a potentially cognizable claim under the ADA for injunctive relief.  See Jaros v.
23 Illinois Dept. of Corrs., 684 F.3d 667 (7th Cir. 2012) (refusing to make reasonable
24 accommodations is tantamount to denying access); Barker v. Calif. Dept. of Corrs. and Rehab.,
25 No. 2:14-cv-2403 CKD P, 2014 WL 5781210, at *2 (E.D. Cal. Nov. 5, 2014) (allegations that
26 disabled prisoner fell in shower due to lack of grab bar sufficient to state a claim under the ADA);
27 Hawkins v. Thomas, No. EDCV 09-1862 JST (SS), 2012 WL 1945235, at *9 (C.D. Cal. Mar. 14,
28 2012) (allegations of improper denial of access to an accessible shower satisfies the substantive

7

elements of an ADA claim), modified on other grounds, 2012 WL 1944828 (C.D. Cal. May 29, 2012). However, nothing suggests plaintiff will be transferred back to the custody of defendant Swarthout at CSP-Solano. Therefore, plaintiff's requests for injunctive relief are moot. See Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995) (citing Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975)).

In order to state a claim for damages under the ADA against Swarthout, plaintiff must also allege Swarthout intentionally discriminated against him. Duvall, 260 F.3d at 1138. The standard for intentional discrimination is deliberate indifference, which "requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." Id. at 1139. The first prong is satisfied if plaintiff identifies a specific, reasonable, and necessary accommodation that the defendant failed to provide. Id. The second prong is satisfied by showing that the defendant deliberately failed to fulfill its duty to act in response to plaintiff's request for accommodation. Id. at 1139–40.

Plaintiff alleges that Swarthout denied either plaintiff's September 2013 or October 2013 appeal at the second level of review. In both, plaintiff described his difficulty with the showers, his falls, the fact he felt showers were not ADA complaint, and that a ramp would have helped him get over the step in the shower. (Exs. A and B to FAC (ECF No. 12 at 19-20, 22-23).) This is sufficient to allege that defendant Swarthout was aware that plaintiff had fallen at least once and that plaintiff felt the shower was not ADA complaint. Plaintiff further alleges that neither a ramp, nor other accommodations such as grab bars or a shower chair, was provided. Therefore, because plaintiff alleges Swarthout denied his appeal, he has sufficiently shown, for purposes of this screening order, intentional discrimination for Swarthout's refusal to provide accommodations so that plaintiff could safely shower.[1]

---

[1] Plaintiff also refers to a violation of the Armstrong Remedial Plan. Plaintiff is apparently referring to a class action, Armstrong v. Davis, No. CV94–2307–CW, in which the District Court for the Northern District of California ordered a remedial plan to enjoin practices that discriminated against disabled inmates in California prisons. See generally Armstrong v. Davis, 275 F.3d 849 (9th Cir. 2001); Armstrong v. Wilson, 124 F.3d 1019 (9th Cir. 1997) (affirming order requiring submission of a remedial plan for compliance by the CDCR with the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131–34, and the Rehabilitation Act of 1973(RA), 29

B. **Eighth Amendment Claims**

Plaintiff's claim under the Eighth Amendment appears to be that defendants were deliberately indifferent to plaintiff's safety when they failed to install safety features or provide plaintiff accommodations so that plaintiff could safely shower. To state a claim under the Eighth Amendment for inhumane conditions of confinement, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. See, e.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010). "Deliberate indifference describes a state of mind more blameworthy than negligence" but is satisfied by something "less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835. Plaintiff must demonstrate first that the seriousness of the risk was obvious or provide other circumstantial evidence that defendants were aware of the substantial risk to his health, and second that there was no reasonable justification for exposing him to that risk. Lemire v. Calif. Dep't of Corrs. and Rehab., 726 F.3d 1062, 1078 (citing Thomas, 611 F.3d at 1150).

To state a § 1983 claim for deliberate indifference, plaintiff must describe each defendant's conduct and show how it resulted in a violation of his Eighth Amendment rights. Supervisory personnel are not liable for the actions of their subordinates under § 1983. See Taylor v. List, 880 F.2d 1040, 1045-46 (9th Cir. 1989) ("There is no respondeat superior liability under section 1983." (Citation omitted.)). Further, a prison official's processing of an inmate's appeals, without more, cannot serve as a basis for § 1983 liability. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." (Citation omitted.)); Mann v. Adams, 855 F.2d 639, 640

---

U.S.C. § 794, in California prisons). However, any violations of the remedial plan developed in Armstrong do not provide an independent basis for relief in this court. Violations of the Armstrong Remedial Plan must be addressed through the procedures provided by that plan. See Frost v. Symington, 197 F.3d 348, 358–59 (9th Cir. 1999); see also Crayton v. Terhune, No. C 98-4386 CRB (PR), 2002 WL 31093590 (N.D. Cal. Sept. 17, 2002); Jamison v. Capello, No. 1:10-cv-1633-MJS (PC), 2013 WL 6182035 (E.D. Cal. Nov. 25, 2013); Weathers v. Hagemeister–May, No. 1:13-cv-1932-AWI-MJS (PC), 2014 WL 309444 (E.D. Cal. Jan. 28, 2014). This court does not have jurisdiction to enforce the Armstrong decree. See Crayton, 2002 WL 31093590, at *4.

(9th Cir. 1988) (due process not violated simply because defendant fails properly to process grievances submitted for consideration); see, e.g., Todd v. Calif. Dept. of Corr. and Rehab., 615 Fed. Appx. 415, 415 (9th Cir. 2015) (district court properly dismissed claim based on improper "processing and handling of [ ] prison grievances," since prisoners have no "constitutional entitlement to a specific prison grievance procedure" (quoting Ramirez, 334 F.3d at 860)).

Plaintiff shows that defendants Blackwell, Matteson, Arnold, and Swarthout knew plaintiff had fallen in the shower due to his inability to negotiate the step and denied his requests to be provided a safer environment for showering.  Because plaintiff was entitled to take showers, each defendant would have known that, absent improvements or other accommodations, the conditions of the showers could again cause plaintiff to fall.  Plaintiff has stated a potentially cognizable claim that defendants Blackwell, Matteson, Arnold, and Swarthout violated his Eighth Amendment rights.  See Frost v. Agnos, 152 F.3d 1124, 1128–29 (9th Cir. 1998) (ignoring slippery shower floors and other physical impediments may constitute deliberate indifference to a serious risk of harm to mobility impaired inmate).

**C. Equal Protection Claims**

The Equal Protection Clause requires that persons who are similarly situated be treated alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. Calif. Dept. of Corrs. and Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008).  An equal protection claim may be established by showing that defendants intentionally discriminated against plaintiff based on his membership in a protected class, Hartmann, 707 F.3d at 1123, or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Dept. of Agriculture, 553 U.S. 591, 601–02 (2008).  An Equal Protection claim may also exist where a policy that is neutral on its face has a disproportionate, or "disparate," impact on an identifiable group.  Village of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 264-66 (1977).

Disability is not a suspect class for Equal Protection purposes.  Pierce v. County of Orange, 526 F.3d 1190, 1225 (9th Cir. 2008).  In determining whether a disabled inmate is

similarly situated to non-disabled inmates, the Court should ask "whether the disabled plaintiff is equally capable for the purpose at issue." Hansen v. Rimel, 104 F.3d 189, 190 (8th Cir. 1997), see also Clark v. California, No. C 96–1486 FMS, 1998 WL 242688, *4–5 (N.D. Cal. May 11, 1998) (where developmentally disabled prisoners lacked skills to fill out forms, thereby limiting their access to medical care and educational programming, for purposes of Equal Protection analysis they were not similarly situated to non-developmentally disabled prisoners). Claims brought under any theory must satisfy the intent requirement, that is, the plaintiff must show that some discriminatory purpose underlies the policy. See Village of Arlington Heights, 429 U.S. at 264-66; Pierce, 526 F.3d at 1225.

As discussed in the preceding sections, plaintiff has alleged that he belongs to a class of inmates who have mobility impairments and that he was treated differently than inmates who were not mobility impaired because he did not have access to a safe shower. Plaintiff's allegations that defendants Blackwell, Matteson, Arnold, and Swarthout were made aware of problems with plaintiff's shower access and took no actions to remedy the problems, is sufficient to allege a potentially cognizable claim of discrimination based on his disability under the Equal Protection Clause.

**D**. **First Amendment Claim**

Plaintiff appears to be alleging a claim that his First Amendment right of access to the courts was denied because of the defendants' failure to process his appeals. Prisoners do have a First Amendment right to petition the government through the prison grievance process. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). Therefore, interference with the grievance process may, in certain circumstances, implicate the First Amendment. Such a claim would be based on the theory that interference with the grievance process resulted in a denial of the inmate's right to access to the courts, a right that includes petitioning the government through the prison grievance process. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures). The right of access to the courts, however, only requires that prisoners have the capability of bringing challenges to sentences or conditions of

confinement.  See Lewis, 518 U.S. at 356–57.  Moreover, the right is limited to non-frivolous criminal appeals, habeas corpus actions, and § 1983 suits.  See id. at 353 n. 3 & 354–55. Therefore, the right of access to the courts is only a right to present these kinds of claims to the court.  See id. at 354–55.

To make a claim for the denial of access to the courts, a prisoner must allege an actual injury.  Id. at 349.  "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim.  Id.  Delays in providing legal materials or assistance which result in prejudice are "not of constitutional significance" if the delay is reasonably related to legitimate penological purposes.  Id. at 362.

In the present case, plaintiff has not shown he has suffered any injury because any effect on his access to the courts would be in this proceeding.  Therefore, any issues regarding defendants' processing of plaintiff's appeals can be raised if defendants contend plaintiff failed to exhaust his administrative remedies.  Accordingly, plaintiff's First Amendment claims should be dismissed.

### IV.   Conclusion

The court finds plaintiff has stated potentially cognizable claims against defendant Swarthout in his official capacity for a violation of the ADA and against defendants Swarthout, Arnold, Matteson, and Blackwell in their individual capacities for violations of his rights under the Eighth Amendment and Equal Protection Clause.  Plaintiff's claims under the ADA against the individual defendants and under the First Amendment should be dismissed with prejudice.

Plaintiff makes no specific allegations against defendant Jimenez.  Accordingly, the court will dismiss defendant Jimenez from this action.

Plaintiff may proceed forthwith to serve defendants Swarthout, Arnold, Matteson, and Blackwell and pursue the claims identified as cognizable against only those defendants or he may delay serving any defendant and attempt to state a cognizable claim against Jimenez.

### A.  If Plaintiff Elects to Proceed on the First Amended Complaint

If plaintiff elects to proceed forthwith against defendants Swarthout, Arnold, Matteson, and Blackwell, against whom he has stated potentially cognizable claims for relief, then within

thirty days he must return the materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal without prejudice of his claims against Jimenez.

### B. If Plaintiff Elects to File a Second Amended Complaint

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against Jimenez, he has thirty days so to do. He is not obligated to amend his complaint.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be

set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.  McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).  The court (and defendants) should be able to read and understand plaintiff's pleading within minutes.  McHenry, 84 F.3d at 1179-80.  A long, rambling pleading including many defendants with unexplained, tenuous, or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them.  See Lopez, 203 F.3d at 1130-31.  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Bell Atlantic, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

////

Iqbal, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, any prior pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's claims against defendant Jimenez are dismissed with leave to amend.  Within thirty days of service of this order, plaintiff may file a second amended complaint to attempt to state a cognizable claim against Jimenez.  Plaintiff is again advised that if he chooses to amend his complaint, it must be a complete document containing all of his claims.  Each claim must be stated plainly and succinctly.  Plaintiff is not obligated to amend his complaint.

2. The allegations in the FAC are sufficient to state the following cognizable claims:  (a) a claim against defendant Swarthout in his official capacity for violation of the ADA; (b) Eighth Amendment claims against defendants Swarthout, Arnold, Matteson, and Blackwell; and (c) Equal Protection claims against defendants Swarthout, Arnold, Matteson, and Blackwell.  See 28 U.S.C. § 1915A.  With this order, the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed July 12, 2016 (ECF No. 12), one USM-285 form and instructions for service of process on defendants Swarthout, Arnold, Matteson, and Blackwell.  Within thirty days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 form, and five copies of the endorsed complaint filed July 12, 2016.  The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4.

15

       Defendants Swarthout, Arnold, Matteson, and Blackwell will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1). In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing without prejudice his remaining defective claims against Jimenez.

3. Failure to comply with this order may result in a recommendation that this action be dismissed.

In addition, IT IS HEREBY RECOMMENDED as follows:

1. The ADA claims against all defendants in their individual capacities be dismissed with prejudice;

2. The First Amendment claims against all defendants be dismissed without prejudice; and

3. Plaintiff's requests for injunctive relief be dismissed as moot

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 23, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/prad1866.fac scrn

16

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO PRADO,<br><br>        Plaintiff,<br><br>   v.<br><br>GARY SWARTHOUT, et al.,<br><br>        Defendants. | No. 2:15-cv-1866 WBS DB P<br><br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

     Plaintiff submits the following documents in compliance with the court's order filed _____.

    _____       completed summons form

    _____       completed forms USM-285

    _____       copies of the Complaint

        Plaintiff consents to the dismissal of defendant Jimenez without prejudice. _____

OR

    \_\_\_\_\_ Plaintiff opts to file an amended complaint and delay service of process.

DATED:

                                          _____
                                            Plaintiff